[No. 23192. Department Two. July 7, 1931.]

MARTHA A. TOMBLINSON, *Appellant,* v. W. B. WISE *et al., Respondents.*[1]

*W. W. Clarke,* for appellant.

·  *McCarthy & Edge, W. E. DuPuis, Leo F. Wilson,* and *F. L. Stotler,* for respondents.

MILLARD, J.—On May 30, 1930, a Ford coupe operated by J. T. Irwin, and at the time occupied by Mr. Irwin, his wife, and Mrs. Martha A. Tomblinson, col-

[1]Reported in 300 Pac. 1056.

lided on the Inland Empire highway, near Oakesdale, with a Buick sedan operated by W. B. Wise, and at the time occupied by Mr. Wise and his wife. To recover for the injuries sustained in that accident, J. T. Irwin and wife instituted one action and Mrs. Tomblinson commenced another action against Mr. Wise and wife. The trial of the causes, which were consolidated, to the court resulted in findings that the collision was occasioned by an accident for which none of the parties was blameworthy. Judgment of dismissal disallowing costs to either party was entered. From that judgment, the plaintiffs appealed.

The only eye-witnesses of the accident were the parties involved therein. The collision occurred on a detour between Spangle and Rosalia about eight miles south of Rosalia. The detour is an oil surfaced road eighteen feet wide. It fairly appears that the car of appellants, which was proceeding in a southerly direction, was traveling at the rate of thirty to thirty-five miles an hour, and that the car of respondents, which was traveling northward, was proceeding at a speed of thirty to forty miles an hour. The view of the drivers was unobstructed in each direction for two hundred feet. While there was a slight rainfall at the time the collision occurred—about ten-thirty in the morning—the cars approaching each other could be seen by the respective drivers without difficulty.

Appellants testified that, when the cars were from sixty-five to several hundred feet apart, the left front wheel came off of the Ford coupe, causing the coupe to veer sharply across the highway to the left, or appellant's wrong side of the highway, a distance of fifteen feet; that the coupe stopped on the left side of the highway pointed south and directly in the path of automobiles traveling to the north. The wheel rolled down the road south a distance estimated at from

sixty-five to one hundred and forty feet, finally resting on the left-hand shoulder of the highway (the east side of the highway, or respondents' right side of the highway), and off the main traveled portion thereof. Appellants further testified that respondents made no effort to go around appellants' car to the left and so avoid a collision, although there was sufficient room on that side to do so; that respondents' automobile was from fifty to three hundred feet away when appellants' car stopped on the left-hand, or wrong side, of the highway.

Respondent husband testified that he was not put on notice that anything was wrong until he was fifty to sixty feet south of appellants' automobile; that he then noticed a wheel coming down the road towards him, and busied himself in an attempt to dodge same; that he saw appellants' car veering across to respondents' side of the road; that appellants' car, which was then twenty-five or thirty feet distant from the car of respondents, then turned back on the road as though Mr. Irwin was attempting to get the car back on appellants' right side of the road; that he immediately applied his brakes (when twenty-five or thirty feet to the north of appellants' car), but the collision was unavoidable. Mrs. Wise testified that she was "not paying much attention;" that she first saw the Ford coupe when it was turned across the road and sixty-one feet distant; that she did not see the loose wheel and did not see her husband dodge it.

Respondent husband did not discover until fifty to sixty feet distant from appellants' automobile that anything unusual was happening. The car of appellants was then veering across the highway, appellants' left or wrong side of the highway. The car of respondents, traveling at thirty-five miles an hour, was approximately one second's time south of the car of ap-

pellants, who were also traveling at approximately the same speed. That one second of time was being split by the oncoming car of appellants. Appellants were then attempting to right their car and place it on the west or appellants' right side of the road. During this fraction of time, the respondents, while dodging the wheel, had traversed twenty-five to thirty feet of the intervening space. Then the brakes were applied by respondent husband, who then was apprehensive that the appellants' car would not regain the right side of the highway. The cars were then separated, measured by time, not more than one-half or one-fourth of a second. To go to the left of the appellants' car does not from the evidence appear to have been possible. Neither was there space to go to the right of appellants' car.

We can not hold that respondent husband was negligent, under all of the facts of this case, in assuming that appellants' automobile, when forty to sixty feet distant, or a space that would be covered at respondents' then rate of speed within one second, would regain appellants' right side of the road. We can not hold that respondent husband did other than what a reasonably prudent man could or should have done under the circumstances.

We can not agree with appellants that the negligence of Mr. Wise was established by a preponderance of the evidence. While more witnesses testified on behalf of the appellants than for the respondents, the weight of the evidence does not necessarily mean a greater number of witnesses. The only preponderance in support of the appellants' position is that a greater number of witnesses (the three appellants) testified in behalf of the appellants. They were interested witnesses. The two witnesses (respondents) testifying in behalf of the respondents were also in-

terested witnesses. Those were the only eye-witnesses of the accident. We can not hold, simply because more witnesses testified for one side than testified for the other side, that therefore the evidence preponderantly supports the judgment or sustains the position of the appellants. The trial court is in a better position than we to pass on the quality of the testimony given.

We have uniformly held that, where the evidence does not clearly preponderate against the trial court's findings of fact, the findings will not be disturbed on appeal. The evidence in this case satisfactorily sustains the findings of the trial court, and we concur in the view of the trial court, reading in part as follows:

"I am rather inclined to think, as one of the witnesses said, that at the place of the accident the length of vision was something nearer two hundred feet than six hundred feet. . . . It is rather a winding road along the Inland Railway and tends up grade toward the north. I believe that the witness Zehn also said that this occurred at the top of one of these ridges,—little hills which cross this particular road at the place of the accident. . . . each was traveling within the legal rate of speed, thirty-five to forty miles an hour. Suddenly the plaintiff's wheel came off. . . . To a person coming in the opposite direction it would not be altogether clear just what had happened. In other words, something had happened, but what was it? Defendants saw a wheel coming, but where did it come from? He also saw a car trying to right itself. The plaintiffs' car took an oblique path of fifteen or twenty or twenty-five feet, plowed across the road, and the wheel was rolling toward the defendant. It was defendant's duty, of course, to do all possible to avoid a collision. The plaintiffs' car drove obliquely across the road to the left hand side, then turned into the road, or straight ahead. I think the defendant was correct when he said he thought the car was apparently starting back towards the right hand side of the road; in other words, the plaintiff was attempting to

right his car, not turn it over, and when he stopped it, or where the collision occurred, it was pointed directly south, indicating that he had finally righted it to that extent; indicating to a man coming that he was attempting to get it back on his side of the road. Defendant says the car was still running at the time the collision occurred. Plaintiff testified that his car was stopped at the time of the collision; but as a matter of human experience, these things happen so quickly we are not always positive and cannot be positive as to all details. Whether the defendant was justified in assuming that plaintiff was coming back to the right hand side of the road—plaintiff's right hand side of the road, and was afraid to try to go around them is questioned. . . . Plaintiffs, though perhaps not at fault in doing so, initiated the acts resulting in the accident. Can the court assume that a man in the defendant's predicament should have tried to go around them or should he have stopped? It is said that he could have stopped. Perhaps. But being thirty, forty, fifty or sixty feet away and traveling thirty-five or forty miles an hour, with the other car coming towards him at thirty or thirty-five miles, and the sudden happening of the things they all testified to, make it doubtful. Was it humanly possible for him to have avoided them under the circumstances? I think not. It is argued that he could see plaintiff 600 feet away, or even more,—in plenty of time to have stopped. That is not the question—how far he could see them. The question is what he could do after their axle broke. That was the time that he was put on notice that something had happened. The axle broke, the wheel came down the road and they started plowing across the road and were attempting to right themselves. The question is what could he have done between the time the axle broke and the collision, and what he should have done—what a reasonably prudent man could or should have done; and the testimony convinces me that he could not have done anything, did not have time to do anything. Three or four things confronted him. A car wheel running away, an automobile plowing across the road getting on the wrong side of the road and trying to get back, and him trying to stop. I consider

the thing just a pure accident. I do not think it was the fault of either party."

The judgment is affirmed.

TOLMAN, C. J., BEELER, BEALS, and PARKER, JJ., concur.