[No. 31629.   Department One.   December 7, 1951.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD G. TAYLOR, *Appellant*.[1]

[1]Reported in 238 P. (2d) 1189.

*Frederick B. Cohen* and *John E. Bowen*, for appellant.

*John C. Merkel* and *Farrell E. Cook*, for respondent.

FINLEY, J.—This is a bastardy proceeding under Rem. Rev. Stat., § 1970 [P.P.C. § 12-1], *et seq.* The word "bastardy" is not a pretty one. While the meaning it usually connotes is a bit jarring, to say the least, the word, when given a fuller or expanded import, even then hardly denotes the emotions, the conduct, and the human factors jam-packed and brimming in the muddled human-relations situation it describes. All individuals are entitled to their legal rights and their day in court. But it would seem that legally trained minds could normally find a solution to the problems involved in bastardy proceedings short of a fullfledged public airing in court of the often sensational and sometimes pornographic details, which details, even considering the mores of our times, most often can hardly be said to be complimentary to the parties concerned or in the best interests of society. Admittedly, such situations are difficult and delicate in the extreme, with at least some feelings usually at fever pitch and emotions all over the place, and with the principal litigants usually litigious-minded in no small degree. This case presents an outstanding example of an unnecessary public airing of the lurid details of the sex conduct of two adolescents—not so strangely, or incidentally, a male and a female. While the matter might have been settled out of court with credit to all counsel concerned, the trial judge deserves credit for limiting the "trial by battle" and the activities of the "champions" of the litigants within those boundaries permitted to him by law. The ambit of those boundaries, of course, might have been more narrowly defined by generally accepted ethical and moral considerations, by greater emphasis upon and observance of such considerations by the litigants and their families.

The trial court found that the defendant adolescent, Donald G. Taylor, was the father of the unborn child of the prosecutrix. The defendant was ordered to pay the medical costs and expenses in connection with the birth of the child; and in support of the child, the sum of $37.50 each and every month after its birth. The putative father has appealed.

On this appeal the prosecution urges that bastardy proceedings are criminal in nature; that appellant's brief was not served and filed within thirty days after the statement of facts was certified, under Rule of Court 46, 34A Wn. (2d) 50.

The weight of authority and our decision in *State v. Tieman*, 32 Wash. 294, 73 Pac. 375, would indicate that the proceeding involved is civil in nature. Respondent's contention for dismissal of the appeal is without merit.

Appellant contends that the court erred in denying its motion for a continuance at the commencement of the trial. Rem. Rev. Stat., § 322 [P.P.C. § 21-1], provides, in part, as follows:

"A motion to continue a trial on the ground of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it, and also the name and residence of the witness or witnesses. . . ."

We do not find from our examination of the record that appellant's counsel complied with the provisions of the aforementioned statute; consequently, his contentions on this point are without merit.

Appellant moved for a dismissal at the close of respondent's case, contending that the evidence was insufficient to support a judgment that appellant was the father of the prosecuting witness' unborn child. The appellant did not take the stand. The prosecutrix testified to a somewhat crowded series of acts of sexual intercourse with appellant over a period of several weeks before and several weeks after the date that the family physician advised the prosecutrix that she was pregnant. The testimony of the prosecutrix and other witnesses regarding promises of marriage made by appellant, the procurement of a marriage license

by the two adolescents in furtherance of appellant's promise of marriage, and testimony regarding other facts, are not inconsistent with a finding that appellant was the putative father.

In *Eliason v. Eliason*, 10 Wn. (2d) 719, 721, 118 P. (2d) 170, we said:

"The court had all the witnesses before him; he was able to test their credibility and weigh their evidence in a manner denied to this court. From their behavior and attitude in the court room and from his intimate knowledge of many things concerning which the witnesses testified, he was able to arrive at a decision."

See, also, *Wheeler v. Wheeler*, 37 Wn. (2d) 159, 222 P. (2d) 400; *Rogers v. Rogers*, 25 Wn. (2d) 369, 170 P. (2d) 859; *Maple v. Maple*, 29 Wn. (2d) 858, 189 P. (2d) 976.

In *Tomblinson v. Wise*, 163 Wash. 341, 300 Pac. 1056, at page 345, we said:

"We have uniformly held that, where the evidence does not clearly preponderate against the trial court's findings of fact, the findings will not be disturbed on appeal."

*Tackett v. Milburn*, 36 Wn. (2d) 349, 218 P. (2d) 298; *Westland Constr. Co. v. Chris Berg, Inc.*, 35 Wn. (2d) 824, 215 P. (2d) 683.

■ Again at this stage we emphasize the point that the defendant did not take the stand. The trial court only had the benefit of the direct testimony of the prosecutrix and her witnesses, and the testimony, such as it was, adduced upon cross-examination of these witnesses. We find no merit in this particular contention of appellant. In our opinion the trial court did not err in denying the motion for dismissal at the close of respondent's case.

■ Appellant contends that the trial court erred in limiting cross-examination of the prosecuting witness. From our examination of the statement of facts we are convinced that the trial court did not err in this respect. In *Manos v. James*, 7 Wn. (2d) 695, 711, 110 P. (2d) 887, we said:

"It is a well-settled rule that a witness can not be impeached by showing the falsity of his testimony concerning facts collateral to the issues; in other words, an answer

by a witness, upon cross-examination, with reference to collateral facts, is conclusive on the party cross-examining him."

And in *State v. Kritzer*, 21 Wn. (2d) 710, 152 P. (2d) 967, at page 714 (quoting from *State v. Johnson*, 192 Wash. 467, 73 P. (2d) 1342), we said:

" 'The rule is firmly established in this state that a witness cannot be impeached by showing the falsity of his testimony concerning facts collateral to the issue. In such matters, a party cross-examining the witness is concluded by the answers given.' "

■ The issue in the present case is the paternity of the unborn child. Evidence as to whether acts of sexual intercourse had taken place between the parties was competent; other directly related evidence as to time and place was *similarly* competent, admissible and a proper subject of cross-examination. Intimate and lurid details regarding sex play and acts of intercourse seem to us highly dubious, palpably of interest to the morbidly curious, but otherwise not material and certainly not a proper subject of cross-examination.

■ Lastly, appellant contends that the court erred in ordering payment of hospital and doctor bills incident to the birth of the child, and the sum of $37.50 per month for its support after birth; and that there was no evidence presented to justify the order of the court in the foregoing respect. The court found that appellant was the father of the unborn child. That finding supported by the evidence is sufficient to justify the provisions made by the court for the expenses relative to birth and subsequent support of the child. Payment of the indicated expenses and support is not unreasonable.

There is no point in going into any details regarding the costs of living, family budgets, hospital expenses, medical and other care incident to the birth, support and maintenance of the child. Apparently the appellant appears to be an able-bodied young male adolescent. If he is the father of the unborn child, and the trial court has found that to be the fact, which fact is now confirmed by this court by our

disposition of this appeal, we see nothing unreasonable in the laws of this state or in ethical and moral considerations which, under existing mores, require a father to support and care for his progeny.

The judgment of the trial court is affirmed.

HILL, J., concurs.

SCHWELLENBACH, C. J., and DONWORTH, J., concur in the result.

[1]Reported in 238 P. (2d) 1198.