[No. 40888.    Department One.    January 8, 1970.]

THE STATE OF WASHINGTON, *Petitioner*, v. W. KENNETH
KINGMAN *et al., Respondents.**

*The Attorney General* and *John J. Champagne, Assistant,*
for petitioner.

*Murray & Hanna,* by *H. B. Hanna,* for respondents.

WEAVER, J.—By writ of certiorari, the state seeks review
of an order denying its petition for an order of public use
and necessity.

The petition alleges:

That the Director of Highways . . . as authorized by
resolution of the Washington State Highway Commis-
sion, has surveyed, located, selected and adopted part of
the route of SR 97 . . . over, across and/or adjacent
to certain lands . . . contain[ing] an area of 1.06
acres, more or less . . .

and that the property

is necessary for a public use of the State of Washington,
to wit: the improvement of SR 97.

It appears from briefs of counsel (a) that the land to be
acquired is a 300 foot strip of waterfront approximately 150

*Reported in 463 P.2d 638.

feet wide between the public highway and Lake Chelan; (b) that the state's action is based upon Laws of 1965, Ex. Ses., ch. 170, § 62, p. 2716, as amended by Laws of 1967, ch. 108, § 5, p. 492, and (c) the purpose of the action is to preserve the natural beauty of the locale. Specifically, it is to preserve a beautiful view of Lake Chelan and the foothills beyond. Photographs illustrate the state's position.

■ Except for the phrase "good cause appearing," the trial court, in its order after trial, gives no reason for denying the certificate of public use and necessity.

The rule is this:

> Although the issue of public use and necessity is, under our constitution, a judicial one, we have long adhered to the theory that the administrative selection is conclusive, in the absence of bad faith, arbitrary, capricious or fraudulent action. [*State ex rel. Lange v. Superior Court,* 61 Wn.2d 153, 157, 377 P.2d 425 (1963).]

The doctrine of the *Lange* case, *supra,* and cases citing it, limit us to a consideration of whether there is evidence to support the findings of fact upon which the trial court based the conclusion that the state acted in "bad faith [and was], arbitrary, capricious or fraudulent . . ."

Here we run into a void. For some reason, which does not appear in the record, the trial court did not make and enter findings of fact and conclusions of law.

The rules of court are not new. For years CR 52(a)(1) has provided:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law.

■ Although a trial court's oral opinion may be used as a reference in the interpretation of findings of fact (*Rutter v. Rutter,* 59 Wn.2d 781, 784, 370 P.2d 862 (1962)), it is not a finding of fact. *Quigley v. Barash,* 135 Wash. 338, 237 P. 732 (1925); *Ferree v. Doric Co.,* 62 Wn.2d 561, 566, 383 P.2d 900 (1963), and authorities cited.

The present posture of the record is only an invitation to read the evidence, consider it de novo, and second guess the trial court. This we cannot do.

This abortive review could have been eliminated had CR 52(d) been followed:

A judgment entered in a case tried to the court where findings are required, without findings of fact having been made, is subject to a motion to vacate within the time for the taking of an appeal. After vacation, the judgment shall not be re-entered until findings are entered pursuant to this rule.

The order denying the petition for public use and necessity is set aside; the case is remanded for further proceedings not inconsistent with this opinion.

It is so ordered.

HUNTER, C. J., HAMILTON and McGOVERN, JJ., and DONWORTH, J. Pro Tem., concur.