[No. 1268-1.    Division One—Panel 1.    November 20, 1972.]

JACLYN L. WOLD, *Appellant,* v. LARRY M. WOLD, *Respondent.*

*McMullen, Brooke, Knapp & Grenier* and *Robert E. Brooke,* for appellant.

*Hoover, Lind & Parkhurst* and *Fred N. Hoover,* for respondent.

CALLOW, J.—The parties were both granted a divorce by a decree entered June 25, 1971. The issues raised by this appeal are challenges to the findings and conclusions relating to the award of alimony and support and the division of property.

The trial court found that a reasonable sum to be paid by the husband to the wife for the support of the minor children in the wife's custody was $100 per month per child. The findings further listed 15 items found to be community property including their residence, an unimproved residential lot, a vendor's interest in a real estate contract, an undivided one-fourth interest in an apartment house, a purchaser's interest in a real estate contract, improved commercial property in Kirkland, 25 shares of Boeing Company stock, a 1966 Ford station wagon, burial lots, savings accounts, an undivided interest in pending litigation, proceeds in condemnation awards due, an undivided one-third partnership interest in a restaurant, and life insurance policies. The diverse items of property are enumerated to illustrate the wide range of valuation problems present.

In the conclusions of law, the trial court awarded a number of items to each of the parties, and the only items on

which any valuations were placed were two savings accounts whose balances were listed. There was also a conclusion that the husband should hold the wife harmless from any liability on a $72,000 obligation owing to a third party.

The decree of divorce does not set forth any valuations. It does reflect the balances in the two savings accounts, the face value of life insurance policies, and it makes the award of child support of $100 per month per child and grants alimony of $100 per month for a period of 12 months.

At the conclusion of the testimony, the experienced trial judge handed copies of his notes to counsel and said they contained valuations he had *tentatively* placed on the various properties. He solicited suggestions regarding the award of property stating he was trying to divide the property equally. The valuations reflected in the court's notes do not appear in the findings, in the conclusions, in the decree of divorce or anywhere in the statement of facts. The husband concedes the record is unclear but directs attention to the awards made by the trial court, and he sets forth in his brief the values allegedly placed on the property by the trial judge which were supposedly included in the trial court's notes.

■ Since these values do not appear in the record as certified by the trial court, they cannot be considered on appeal. *State v. Sherburn*, 5. Wn. App. 103, 485 P.2d 624 (1971); *In re Maypole*, 4 Wn. App. 672, 483 P.2d 878 (1971).

The transcript includes the wife's requested findings reflecting proposed valuations on each item of property. These were not required under CR 52(a)(3), but their proposal makes it apparent that the issue was presented clearly. The wife also filed written objections to the husband's findings for failure to set forth the valuations on the assets. Finally, the wife filed a written motion for reconsideration and clarification of the court's oral opinion and for determination of unresolved issues. She assigns error to the findings and conclusions as entered, the failure to enter her

proposed findings and conclusions and to the amounts of the awards for support and alimony.

CR 52 requires that in all actions tried upon the facts without a jury, the court shall find those facts specially and state separately its conclusions of law. The rule specifically requires findings and conclusions to be entered in connection with all final decisions in divorce proceedings. *See also Detjen v. Detjen*, 40 Wn.2d 479, 244 P.2d 238 (1952).

██ A court is not required to make findings in regard to every item of evidence introduced in a case, but it is necessary that it make findings of fact concerning all of the ultimate facts and material issues. *LeMaine v. Seals*, 47 Wn.2d 259, 287 P.2d 305 (1955); *George E. Miller Lumber Co. v. Holden*, 45 Wn.2d 237, 273 P.2d 786 (1954); *Gnash v. Saari*, 44 Wn.2d 312, 267 P.2d 674 (1954); *Mayes v. Emery*, 3 Wn. App. 315, 475 P.2d 124 (1970). A material fact is one which a reasonable man would attach importance to in determining his course of action. *Securities & Exchange Comm'n v. Great American Indus., Inc.*, 407 F.2d 453, 459 (2d Cir. 1968). It is one which is important, carries influence or effect, is necessary, must be found, is essential to the conclusions, and upon which the outcome of litigation depends. *Balise v. Underwood*, 62 Wn.2d 195, 381 P.2d 966 (1963); *Zedrick v. Kosenski*, 62 Wn.2d 50, 380 P.2d 870 (1963); *Hansen v. Sandvik*, 128 Wash. 60, 222 P. 205 (1924). Ultimate facts are the essential and determining facts upon which the conclusion rests and without which the judgment would lack support in an essential particular. They are the necessary and controlling facts which must be found in order for the court to apply the law to reach a decision. *Brundage v. K. L. House Constr. Co.*, 74 N.M. 613, 396 P.2d 731 (1964); Black's Law Dictionary 1691 (4th ed. 1951).

It has been common practice to set forth the valuation placed upon the items of property awarded in divorce cases. In *Mayo v. Mayo*, 75 Wn.2d 36, 448 P.2d 926 (1968), valuations were set forth and could be reviewed to discover whether there had been an abuse of discretion in over-

evaluating the property awarded to one party and under-evaluating the property awarded to the other. *See also Berg v. Berg*, 72 Wn.2d 532, 434 P.2d 1 (1967); *Pollock v. Pollock*, 7 Wn. App. 394, 499 P.2d 231 (1972); *Wagner v. Wagner*, 1 Wn. App. 328, 461 P.2d 577 (1969).

In both *Worthington v. Worthington*, 73 Wn.2d 759, 440 P.2d 478 (1968), and *Meeks v. Meeks*, 61 Wn.2d 697, 379 P.2d 982 (1963), the pattern of reflecting the valuation in the findings of fact was apparent. These cases held that an appellate court should not substitute its judgment for that of the trial court on a disputed factual issue, including the valuation of property. An appellate court is reluctant to substitute its valuation of property for that made by the trial court and should only do so when inequity and injustice are apparent and an abuse of judicial discretion is manifest. It will not do so where there is simply an honest difference of opinion. *Rogstad v. Rogstad*, 74 Wn.2d 736, 446 P.2d 340 (1968). Where findings designated and identified community property but were silent as to any fact from which it could be concluded how the property should be awarded, it was held in *Phelps v. Phelps*, 2 Wn.2d 272, 274, 97 P.2d 1080 (1940), that the findings were insufficient to support the conclusions. The court says:

> [I]t is not necessary that the findings state the evidence or the evidentiary facts, but only the ultimate facts concerning the material issues in the case.

It is improper for an appellate court to ferret out a material or ultimate finding of fact from the evidence presented. Such a practice would place the appellate court in the initial decision making process instead of keeping it to the function of review. As said in *Shaw v. Shaw*, 122 Mont. 593, 601, 208 P.2d 514 (1949):

> The trial court made twenty-seven separate findings of fact. Nine of the findings state no facts other than by reference to the plaintiff's proposed findings which requires that this court search elsewhere in the record to ascertain the facts found. We disapprove of this practice. It is the trial court's findings and not the proposed find-

ings of counsel that we are called upon to review and they should be complete in themselves without reference to the handiwork of counsel.

An appellate court will often direct findings to be made on material issues where such findings have been omitted. *Peterson v. Neal*, 48 Wn.2d 192, 292 P.2d 358 (1956). By remanding a cause to the trial court for elucidation, a missing material fact may be supplied and then reviewed on appeal. *Mertens v. Mertens*, 38 Wn.2d 55, 227 P.2d 724 (1951).

*Bowman v. Webster*, 42 Wn.2d 129, 253 P.2d 934 (1953), recapitulates many of the guides we have discussed. The opinion held it proper for findings to be made in all law and equity cases tried without a jury where there has been a complete trial on the merits. *Bowman v. Webster* further signifies that where findings are incomplete or defective so that doubt exists as to the theory on which the case was decided, the doubt may be resolved by reference to the oral or memorandum decision of the trial court. If, however, the court's actual findings on a material fact cannot be ascertained from the record, then the appellants are deprived of an opportunity to challenge those findings. This is the situation before us.

When presented with such a situation, *Bowman v. Webster* states three courses are possible: (1) Remand without reversal, giving the parties an opportunity to file additional arguments after the necessary finding has been supplied. (2) Reverse and remand with instructions to the trial judge to make and enter the necessary findings and conclusions and judgment thereon from which either party may appeal. (3) Reverse and remand for a new trial. Where the trial judge who entered deficient findings is no longer on the bench, the only recourse is a new trial. *Svarz v. Dunlap*, 149 Wash. 663, 271 P. 893 (1928). *See also Old Windmill Ranch v. Smotherman*, 69 Wn.2d 383, 418 P.2d 720 (1966). The revered trial judge has passed away since the entry of the decree.

■ We believe that the valuation of property awarded in a divorce case is a material and ultimate fact. These valuations are not before us on the record and cannot be discovered by us without recourse to a unilaterally presented statement concerning them. The review of the award of properties cannot be undertaken without knowledge of their value.

> In order that a court may make a just and equitable division of the property of the parties it must have evidence concerning the value of the various properties. It is obvious that the trial court abuses its discretion when it orders a division of property without having knowledge of the value of a substantial part of it.

(Footnote omitted.) 24 Am. Jur. 2d *Divorce & Separation* § 933 (1966).

The decision must be reversed and remanded for a new trial.

HOROWITZ, C.J., and WILLIAMS, J., concur.