[No. 42465. En Banc. October 18, 1973.]

EDWARD G. EICHLER *et al.*, *Respondents*, v. YAKIMA VALLEY
TRANSPORTATION COMPANY, *Appellant.*

*Randall B. Kester* and *Hamblen, Gilbert & Brooke, P.S.*,
by *Fred W. Gilbert*, for appellant.

*Alan A. McDonald* (of *Halverson, Applegate, McDonald,
Bond, Grahn, Wiehl & Almon*), for respondents.

STAFFORD, J.—On the afternoon of April 23, 1970, plain-

tiffs-respondents' son was killed. The car he was driving collided with defendant-appellant's short-haul, nonscheduled locomotive as it crossed a well-traveled highway outside the city limits of Yakima, Washington.

At that time, a driver who approached the crossing from the south, as decedent did, would have had his view to the west obstructed by houses and trees. Only upon reaching a point 50 feet south of the railroad tracks would a driver have had an unobstructed view westerly along the tracks, the direction from which the train approached. The grade crossing was marked by a railroad crossbuck and a standard early warning highway sign.

Decedent's speed at the time of collision is in dispute. Estimates range from 45 to 70 miles per hour. It is clear, however, that the posted speed limit was 50 miles per hour, that the automobile left no skid marks, and that decedent was familiar with the crossing.

The front of the locomotive extended 30 feet beyond the engineer's cab. Consequently, the engineer's view southerly along the highway was obstructed until the front of his engine projected into the crossing nearly 10 feet. At the time of the collision the train was traveling between 10 and 15 miles per hour. Although it appears that the locomotive's headlight and revolving yellow light were operating, the use of other warning devices is disputed. The engineer testified the bell began ringing "*about* a quarter of a mile" from the crossing (italics ours) and that he began blowing the whistle 250 to 300 feet therefrom. Others testified, however, that they heard neither the bell nor the whistle.

The trial court entered judgment in accordance with the jury's verdict for plaintiffs. Defendant appeals from the trial court's denial of its motions for new trial and judgment n.o.v.

Initially, defendant contends that the deceased was contributorially negligent as a matter of law because he failed to yield the right-of-way to the locomotive at the grade crossing. In support of its position, defendant has cited several auto-train collision cases which so hold. In this re-

gard, we have held formerly that vehicular traffic must yield the right-of-way to a train of cars entering a street to cross it. For example, *see Porter v. Chicago, M., St. P. & Pac. R.R.*, 41 Wn.2d 836, 843, 252 P.2d 306 (1953).

 In 1965, however, the law governing a railroad's right-of-way at grade crossings was changed by RCW 46.61.340 which provides:

> Obedience to signal indicating· approach of train. (1) Whenever any person driving a vehicle approaches a railroad crossing under any of the circumstances stated in this section, the driver of such vehicle shall stop within fifty feet but not less than fifteen feet from the nearest rail of such railroad, and shall not proceed until he can do so safely. The foregoing requirement shall apply when:
> (a) A clearly visible electric or mechanical signal device gives warning of the immediate approach of a railroad train;
> (b) A crossing gate is lowered or when a human flagman gives or continues to give a signal of the approach or passage of a railroad train;
> (c) An approaching railroad train is plainly visible and is in hazardous proximity to such crossing.
> (2) No person shall drive any vehicle through, around or under any crossing gate or barrier at a railroad crossing while such gate or barrier is closed or is being opened or closed.

As a result, a railroad now has the right-of-way at grade crossings only in those instances specified in the foregoing statute.

In the instant case we are concerned solely with RCW 46.61.340(1)(c) because the crossing was marked only by a railroad crossbuck. None of the warnings provided for in subsections 1(a) and (b) were employed by the railroad.

Turning to the statutory duties involved herein, it is clear that RCW 46.61.400(3) requires the driver of a vehicle to "drive at an appropriate reduced speed when approaching . . . [a] railway grade crossing." In fact, he is required to stop, when an approaching train is "plainly visible *and* is in hazardous proximity" to the grade crossing.

(italics ours). RCW 46.61.340(1)(c). On the other hand, the railroad has an equally important statutory duty at grade crossings. RCW 81.48.010 requires a train to ring its bell or sound its whistle at least 1,320 feet ("eighty rods") from the grade crossing, thus giving timely notice of its hazardous proximity thereto.

Based on the foregoing statutory duties, the trial court correctly held that the deceased was not contributorially negligent as a matter of law. The decedent's view of the tracks was obstructed. Further, the evidence was in conflict as to the deceased driver's speed, and whether defendant's engineer gave the audible warning required by RCW 81.48.010. Thus, a jury issue was presented. Moreover, even if defendant actually complied with the minimum audible warning requirement, it remained for the jury to decide whether the train was plainly visible *and in* hazardous *proximity to the crossing* thereby acquiring the right-of-way provided by RCW 46.61.340(1)(c).

Defendant also contends the deceased was contributorially negligent as a matter of law in failing to approach the grade crossing at an appropriate reduced speed pursuant to RCW 46.61.400(3). We do not agree. The posted speed limit was 50 miles per hour. The deceased's speed was disputed. It was, thus, for the jury to determine his speed as well as whether it was appropriately reduced under all of the circumstances. One circumstance was instruction No. 11 in which the jury was informed that defendant, having failed to give the warning required by RCW 81.48.010, was negligent as a matter of law.

Assuming arguendo, that decedent violated RCW 46.61.400(3), plaintiff's recovery would not be barred automatically. It remained for the jury to decide whether the violation proximately caused the accident. *See Ward v. Zeugner,* 64 Wn.2d 570, 392 P.2d 811 (1964). In view of the instruction that defendant was negligent as a matter of law in failing to give the warning required by statute, the jury could have concluded that it was defendant's statutory vio-

lation rather than decedent's that proximately caused the accident.

Defendant assigns error to the giving of instruction No. 11 and to the trial court's refusal to give proposed instructions Nos. 11, 12, 13 and 17. No error was committed thereby.

The trial court's instruction No. 11 informed the jury that defendant was negligent as a matter of law "in failing to give audible warning of its approach for a distance of 1,320 feet as required by statute." At best, the evidence was only to the effect that the engineer commenced ringing the bell "about" one-fourth mile from the crossing. Defendant's exception at trial was that the instruction improperly imposed an absolute duty to give such warning for 1,320 feet whereas considering the train's speed substantial compliance should have been sufficient.

 The exception is without merit. Failure to give the warning in the manner and for the distance specified by statute is negligence as a matter of law. *Cox v. Polson Logging Co.*, 18 Wn.2d 49, 67, 138 P.2d 169 (1943). It was only on appeal that defendant argued that it had actually complied with RCW 81.48.010. We will not consider, for the first time on appeal, grounds not presented to the trial court in accordance with CR 51(f). *State v. McDonald*, 74 Wn.2d 141, 145, 443 P.2d 651 (1968).

The trial court did not err in rejecting defendant's proposed instructions Nos. 11, 12 and 13. They assumed, incorrectly, defendant had an absolute right-of-way at the crossing. To the contrary, RCW 46.61.340 now gives a railroad the right-of-way only in those situations described therein, just one of which is applicable here (*i.e.*, RCW 46.61.340(1)(c)). Furthermore, defendant's proposed instruction No. 11 is argumentative and is a comment on the evidence, whereas its proposed instruction No. 12 eliminates the requirement that contributory negligence must be a proximate cause of the accident before it bars recovery. Proposed instruction No. 13 states in part: "the railroad is not required to give special warning of the approach of the

train other than the use of the horn, whistle or bell." It omits the statutory duty to give the warning for a specified distance before the train reaches the grade crossing.

Although proposed instruction No. 17 is taken from WPI 73.01 the first paragraph is adequately covered by the court's instruction No. 9 which properly instructed the jury regarding RCW 46.61.340. The second paragraph is both misleading and an improper statement of the law. It does not properly inform the jury of the limited situation in which the railroad had a statutory right-of-way under the facts of this case.

Finally, defendant argues that there was misconduct of the jury, misconduct of counsel and an excessive verdict. However, there are no assignments of error to support the arguments as required by ROA I-43. Arguments that are not supported by specific assignments of error will not be considered. *Rutter v. Rutter*, 59 Wn.2d 781, 788, 370 P.2d 862 (1962); *Boyle v. King County*, 46 Wn.2d 428, 282 P.2d 261 (1955).

The judgment is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied January 8, 1974.