[No. 44872.   En Banc.   April 20, 1978.]

*In the Matter of the Adoption of*
BABY GIRL JACKSON.

*Victor V. Hoff,* for appellant.

*Clinton, Fleck, Glein & Brown,* by *Gordon S. Clinton* and *Russell R. Pearson,* for respondents.

*Slade Gorton, Attorney General,* and *Ted R. Willhite, Assistant,* amici curiae.

UTTER, J.—Appellant, the natural mother of Baby Girl Jackson, raises three issues concerning adoption procedures on this appeal: (1) May a natural parent's consent to an adoption be revoked after entry of a formal order of relinquishment and approval of consent, but prior to the decree of adoption? (2) Must a natural mother's consent to adoption identify by name the persons adopting the child? (3) Is it a denial of due process to fail to give to the natural mother notice and opportunity to be heard at the hearing approving her consent to adoption and relinquishment of her child when she has voluntarily waived such notice? We affirm the trial court which ruled adversely to the natural mother on all three issues.

Appellant was 19 years old and unmarried at the time her child was born on September 16, 1976. She informed the attending physician at the time of delivery that she wished to give up her baby for adoption. The following day she was visited by an attorney for the prospective adoptive parents and a caseworker of the adoption services department of the King County Superior Court. She signed a consent to adoption and waiver of notice of all proceedings incident to adoption on September 17, 1976, and in her conversation with the caseworker from the adoption services department indicated she understood the finality of what she was doing. The mother of appellant was also present for a part of that conversation with the caseworker and indicated that if she had been aware of the pregnancy she would have aided appellant so that appellant could have kept her child. Appellant then repeated her position that it was best for the adoption to go forward. A judge of the King County Superior Court entered an order approving the mother's consent to relinquish her maternal rights and to the child's adoption on September 20, 1976. Appellant filed a revocation of consent on November 10, 1976. On December 17, 1976, she petitioned for an order vacating the order approving her consent and relinquishment. A summary judgment was subsequently entered dismissing the petition to set aside the consent and relinquishment.

## I

Adoption is a statutory procedure and the propriety of action taken must be measured against the language of the statute. *In re Adoption of Reinius*, 55 Wn.2d 117, 346 P.2d 672 (1959); *In re Adoption of Parsons*, 76 Wn.2d 437, 457 P.2d 544 (1969). There are two procedures by which a child may be relinquished for adoption in this state. A natural parent may exercise the procedure afforded by the juvenile court law (RCW 13.04 *et seq.*) or the procedures found in RCW Title 26. When Title 26 is used, three separate statutes are involved. A court order is necessary for relinquishment of the permanent care of a minor child

(RCW 26.36). If a benevolent or charitable society is involved, RCW 26.37 governs the procedures for surrender of the child. The general adoption statute (RCW 26.32) establishes the overall procedures which must be complied with by the courts and parents.

Consent to adoption, prior to the amendments to RCW 26.32 by the adoption act of 1955, Laws of 1955, ch. 291, could be revoked at any time prior to the entry of decree of adoption. *State ex rel. Towne v. Superior Court,* 24 Wn.2d 441, 165 P.2d 862 (1946). That consent could be informal so long as the intent to consent was clear. *In re Adoption of Potter,* 85 Wash. 617, 149 P. 23 (1915).

RCW 26.32.070, however, now requires that

[s]uch consent shall recite that it is given subject to the approval of the court to be requested in an adoption proceeding and to have no force or effect until such court has approved the same. Such consent shall also provide therein that, after it is approved by the court and the order of relinquishment issued and filed, as required by RCW 26.36.010 as now or hereafter amended, and the child relinquished to the petitioners, it is not revocable except for fraud practiced by the petitioners or mental incompetency of the person signing the consent at the time of signing the same;

The previous law stated nothing about the irrevocability of parental consent. Laws of 1943, ch. 268, § 7, p. 830.

Appellant attempts to avoid the apparent force of RCW 26.32.070 by contending that RCW 26.32 must be construed as a "harmonious whole." Such construction, she argues, necessarily leads to the conclusion that consent to adoption is revocable until entry of the decree. Appellant bases her statutory interpretation on several factors. She states that RCW 26.32.030, read with 26.32.070, "clearly envisions" that consent to adoption can only be approved at a hearing on the adoption petition itself, and not in a prior hearing. She further asserts that RCW 26.32.030 requires a specific form of consent in all cases, and that any construction regarding that form other than the interpretation which she urges would be "ridiculous" as applied to adoptions in

other contexts. Additionally, she finds in RCW 26.32.090 and .140 a legislative intent to allow a natural parent a "cooling-off" period for reflection and reversal of a consent to adoption up until entry of the decree of adoption. Finally, she characterizes as "surplusage and inconsistent" the reference, in RCW 26.32.070, to the order of relinquishment required by RCW 26.36.010, because the latter refers to relinquishment of *permanent* care and custody, which is inappropriate to describe the relationship of child and prospective adoptive parents prior to the decree of adoption.

The simple answer to appellant's claims is that her version of a "harmonious whole" entirely destroys one statute and strains several others; it creates a statutory scheme far less harmonious than does the construction adopted by the trial court. Although there are policy reasons that could be urged for delaying irrevocable approval of consent until the entry of the decree of adoption, the legislature was the body to balance these reasons against those which suggest the desirability of a rapid, certain, and final consent. RCW 26.32.070 is not a model of clarity but it does specifically warn the affected party that after the consent is approved and the order of relinquishment entered, it is not revocable except for fraud practiced by the petitioners or mental incompetency of the person signing the consent. Any construction holding the consent in fact revocable until the decree of adoption is entered would require us to ignore this language and to hold that the legislature intended to require language in the document of consent which inaccurately represented the law. Where a material change is made in the provisions of a statute a change in legislative purpose must be presumed. *State v. Bell*, 8 Wn. App. 670, 508 P.2d 1398 (1973), *aff'd*, 83 Wn.2d 383, 518 P.2d 696 (1974).

There are reasons to require an early termination of the ability of a parent to revoke consent to adoption. Infants are not held in hospitals for lengthy periods of time, prospective adoptive families are often found with rapidity and

strong emotional ties are formed which should not be subject to being severed unless the prospective adoptive parents are unfit to so serve. The early confirmation of the consent and relinquishment removes a major uncertainty.

Contrary to appellant's assertion, RCW 26.32.030 does not specify any particular rigid *form* of consent. Neither do the terms of that particular statute require or prohibit a proceeding to approve an order of relinquishment and consent to adoption. Thus, this statute does not contradict the form and procedures specified in RCW 26.32.070 and RCW 26.36.010 because it does not address these issues. RCW 26.32.030 is not authority for requiring identical forms and procedures for consent in widely differing classes of adoption. Reliance upon this statute as support for appellant's construction is misplaced.

We have previously noted that RCW 26.32 and RCW 26.36 have been tied together by legislative action. *In re Adoption of Rogers,* 47 Wn.2d 207, 286 P.2d 1028 (1955). The reference in RCW 26.32.070 to RCW 26.36.010 is not surplusage and does not create a fatal conflict. A court order is necessary before prospective adoptive parents can assume care and custody of the child. If they are to take the child prior to actual entry of the decree of adoption, this can only be accomplished through a separate court order. The placement of "permanent care" of the child with the prospective adoptive parents is subject to the provisions for later review by the court. The meaning of the word "permanent" is modified by these statutory requirements as it relates to the prospective adoptive parents and is at least as appropriate as the term "temporary care" would be to describe the status of the child with the prospective adoptive parents.

## II

Appellant next contends that the natural parent's consent is insufficient if it fails to name the person adopting the child. The appropriate statutes, RCW 26.32.020, .030, and .070 do not require a consent to identify specific

parents by name.[1] The reference in RCW 26.32.030 to "such adoption" is not a requirement that adoptive parents be identified in the consent. We agree with the court in *Johnson v. Cupp*, 149 Ind. App. 611, 274 N.E.2d 411 (1971), where that court, in interpreting similar language, held specific identification of the adoptive parents was not required. It is also argued by appellant that RCW 26.32.030 contemplates similar forms of consent for all classes of persons described in the statute. The statute requires consent to be filed by the child if the child is 14 years of age or older, and also requires consent of any agency to which the child has been committed. Appellants suggest that the blanket consent from these classes of persons would be unreasonable, and thus no blanket consent should be allowed even for infants under this specific statute. However, as we observed in section I, above, the statute does not specify in detail the quality and nature of the required consent. It merely declares that certain consents are necessary; the statute does not require that identical forms of consent be given in all circumstances. We hold that the statute requires merely that the consent be in conformity with the few explicit commands of the statute, and reasonable under the circumstances. The consent in this case was adequate under this standard despite the failure to include the names of the prospective adoptive parents.

---

[1] "Any person not married, or any husband and wife jointly, or either spouse, when the object of adoption is the child of the other spouse, may petition the superior court of the county in which the petitioner is a resident, or of the county in which the person to be adopted is domiciled, for leave to adopt, and to change the name, if desired, of any person." RCW 26.32.020.

"Written consent to such adoption must be filed prior to a hearing on the petition, as follows:

"(1) By the person to be adopted, if such person is fourteen years of age or older, but the filing of such consent shall not obviate the necessity of securing any other consent herein required;

"(2) If the person to be adopted is a minor, then by each of his living parents, except as provided in RCW 26.32.040 and 26.32.050 as now or hereafter amended;

"(3) If a legal guardian has been appointed for the person of the child, then by such guardian;

"(4) If the person to be adopted is a minor and has been permanently committed upon due notice to his parents by any court of general jurisdiction to an

## III

■ Appellant contends she was denied due process of law because she was not given notice of the hearing on the consent to relinquishment and an opportunity to be heard, even though at the time of the hearing she did not desire to oppose the court's action. The statutory scheme is constitutionally adequate because it provides for notice and opportunity to be heard to the natural parents regarding all actions to which they have not formally consented. *See* RCW 26.32.080, .085.

■ Constitutional rights can be waived. *State v. Myers,* 86 Wn.2d 419, 545 P.2d 538 (1976); *Brauhn v. Brauhn,* 10 Wn. App. 592, 518 P.2d 1089 (1974). In this case the natural mother expressly waived notice of further proceedings including the hearing on approval of her own consent. Due process does not require notice and an opportunity to be heard be given to one who expressly waives that right.

The trial court is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

approved agency, then by such approved agency, in which event neither notice to nor consent by its parents in the adoption proceeding shall be necessary: *Provided,* That if the approved agency refuses to consent to the adoption, the court, in its discretion, may order that such consent be dispensed with." RCW 26.32.030.