[No. 5707-1. Division One. June 26, 1978.]

*In the Matter of the Welfare of*
DENISE WOODS.

*Emmet T. Walsh* and *Frederic C. Treadwell,* for appellant.

*Slade Gorton, Attorney General, Bruce P. Clausen, Deputy,* and *Eric L. Clauson,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

A mother appeals from a judgment of the Superior Court permanently depriving her of the custody of one of her children.

A single issue is determinative.

## ISSUE

Were adequate findings of fact entered by the trial court?

## DECISION

CONCLUSION. The findings of fact are insufficient for appellate review of the issues presented.

■ The purpose of findings of fact is to enable an appellate court to determine the basis on which the case was decided in the trial court and to review the questions raised on appeal. *Ford v. Bellingham–Whatcom County Dist. Bd. of Health,* 16 Wn. App. 709, 717, 558 P.2d 821 (1977).

We detailed the requirements for findings of fact in *Wold v. Wold,* 7 Wn. App. 872, 875–76, 503 P.2d 118 (1972) and need not do so here. Suffice to say, there must be findings of ultimate facts on all of the material issues in the case. Here, however, the findings on the material issues were merely evidentiary findings.[1] The trial court's oral decision does not clarify the findings, since it is couched in the same terms.

---

[1] Examples are the following excerpts from the findings:

"Both Dr. Reiter and Dr. Williams testified . . ." (Finding of fact No. 16.)

". . . Both Dr. Reiter and Dr. Williams, child and adult psychiatrists, *felt* . . ." (Finding of fact No. 17.)

"Dr. Williams *feels* . . ." (Finding of fact No. 18.)

"Dr. Reiter *felt* . . ." (Finding of fact No. 19.)

As held in *Wold v. Wold, supra* at 876:

It is improper for an appellate court to ferret out a material or ultimate finding of fact from the evidence presented. Such a practice would place the appellate court in the initial decision making process instead of keeping it to the function of review.

The case is remanded to the trial court for entry of additional findings of ultimate facts showing the basis for the child deprivation decision and, in the event the trial judge has left the bench and is otherwise unavailable for such purpose, a new trial will be granted. *See Wold v. Wold, supra* at 877.

WILLIAMS and McINTURFF, JJ., concur.

"Dr. Williams *believes* . . ." (Finding of fact No. 20.)
"Both doctors *feel* . . ." (Finding of fact No. 21.)
"Both Dr. Reiter and Dr. Williams *feel* . . ." (Finding of fact No. 22.)
"Dr. Reiter's professional *opinion was* . . ." (Finding of fact No. 24.) (Italics ours.)