[No. 13923–1–I.   Division One.   January 21, 1985.]

SUSAN DAVES, ET AL, *Appellants,* v. CHRIS NASTOS, *Respondent.*

*Ordell, Lawrie & Brown* and *Gary L. Brown,* for appellants.

*John Peick, Steve Lingenbrink,* and *Pamela McKee,* for respondent.

COLEMAN, J.—Petitioners Susan Daves and Alaina Joy Daves, a minor, hereinafter referred to as "appellants", initiated action in the King County Superior Court to determine the paternity of Alaina Daves, and to establish support obligations. At the time of trial, respondent requested that he be granted relief in the form of an order directing the mother, Susan Daves, to change Alaina's last name to Nastos. Mr. Nastos' answer to the petition did not affirmatively request such relief.

The trial court found that respondent was the father of the child and, in ordering the name change, the trial court held that RCW 26.26.130 authorized such relief. Mrs. Daves objected to this action by the court alleging that the court was without the authority to change the name of the child, who, at the time of trial, was approximately 1½ years of age. The precise nature and detail of the objection and the court's response thereto is not known because the report of

proceedings is not before this court. The parties have stipulated that "[a]ppellant objected to the Court changing the name of the parties' daughter and the Court's authority to do so."[1] Additionally, there was no express finding entered below as to whether the name change was in the child's best interest.

We first address whether a request for relief not addressed in any pleading, but raised for the first time at trial, may be considered by the trial court over objection of the other party. Citing CR 15(b), appellants contend that a trial court may rule on issues not raised by the pleadings only if those issues are not objected to by a party. Respondent, on the other hand, points to CR 54(c) which provides that every final nondefault judgment "shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."[2]

■ The relevant authorities note that CR 15(b) and 54(c) were designed "to avoid the tyranny of formalism that was a prominent characteristic of former practice and to

---

[1] Agreed Report of Proceedings (Dec. 14, 1983).

[2] The two rules provide:

"(b) **Amendments To Conform to the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence." CR 15(b).

"(c) **Demand for Judgment.** A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." CR 54(c).

avoid the necessity of a new trial which often follows a deviation from the pleadings." *Harding v. Will,* 81 Wn.2d 132, 136, 500 P.2d 91 (1972); *Rosden v. Leuthold,* 274 F.2d 747 (D.C. Cir. 1960); 10 C. Wright, A. Miller & M. Kane, *Federal Practice* § 2662 (1983). However, though their general objective is the same, the two rules are functionally distinguishable. CR 15(b) is concerned with the litigation of *issues* not found in the pleadings. On the other hand, CR 54(c) addresses the granting of *relief* not prayed for in the pleadings.

In general, these rules are liberally applied except where substantial prejudice to the opposing party is shown. *Harding v. Will, supra* at 136–38; 6 C. Wright & A. Miller, *Federal Practice* § 1495, at 478 (1971); *International Harvester Credit Corp. v. East Coast Truck,* 547 F.2d 888, 891 (5th Cir. 1977) (Fed. R. Civ. P. 54(c)).

In the instant case, there is no indication that appellants suffered, or even argued prejudice below. Furthermore, contrary to appellants' argument, the respondent's request for a change of name was not relief "far afield" from the relief requested in the pleadings. Though respondent's answer did not specifically pray for a name change, such relief was clearly within the scope of the judgment and the relief requested. *See Lake v. Butcher,* 37 Wn. App. 228, 233, 679 P.2d 409 (1984); *Moore v. Moore,* 391 A.2d 762, 768–71 (D.C. 1978) (affirming trial court's award of certain unprayed–for relief because D.C. R. Civ. P. 54(c) and child's best interests give the judge power and duty to grant complete relief). Moreover, adherence to formal pleading requirements would seem even less appropriate where the focus is on *the child's* best interest, rather than the interests of the parent/parties.

■ Next, appellants contend that RCW 26.26.130 does not provide a court with authority in a paternity action to order that a child's name be changed. Though RCW 26.26-.130 does not specifically empower a court to change a child's name, certain broad language in the statute encompasses such a grant of power. The pertinent portion of

RCW 26.26.130 reads as follows:

(3) The judgment and order shall contain other appropriate provisions directed to the appropriate parties to the proceeding, concerning the duty of current and future support, the extent of any liability for past support furnished to the child if that issue is before the court, the custody and guardianship of the child, visitation privileges with the child, the furnishing of bond or other security for the payment of the judgment, *or any other matter in the best interest of the child.* The judgment and order may direct the father to pay the reasonable expenses of the mother's pregnancy and confinement.

(Italics ours.) The plain meaning of the words "or any other matter in the best interest of the child" clearly affords powers broad enough to include a matter as important as a child's surname.

However, the statutory language suggests that a change of name cannot occur unless the court finds that such a change is in the best interest of the child. In this respect, appellants argue that the trial court's order should be vacated because the court made no finding that the name change would be in the best interest of the child. We can conceive of two ways to properly raise this argument. First, appellants could assign error to the trial court's failure to enter such a finding. Second, appellants could argue that a finding in the best interest of the child is necessarily implied in finding of fact 8, but the evidence is insufficient to support this implied finding.

■■ Appellants' only relevant assignment of error merely alleges that the "trial court erred" in entering finding of fact 8[3] and the conclusion of law based thereon. No error is specifically assigned to the sufficiency of the evidence supporting finding of fact 8, nor is error assigned to the lack of a finding that the name change was in the best

---

[3]Finding of fact 8 provides:

"Under RCW 26.26.130, the Court has the authority to change the name of the child in this matter. Accordingly, the Court directs that the last name of the child be changed from Daves to Nastos and further directs that a new birth certificate be issued to reflect that Christopher Nastos is the father of said child."

interest of the child. Moreover, the portion of appellants' brief dealing with this assignment of error never questions the sufficiency of the evidence supporting the finding of fact in question. Thus, even if appellants' general assignment of error covers a sufficiency of the evidence argument, we need not consider the error because it is unsupported by argument. *Mellor v. Chamberlin,* 34 Wn. App. 378, 383, 661 P.2d 996 (1983). Similarly, though appellants' argument mentions the absence of a finding that the name change would be in the best interest of the child, there is, as noted above, no specific assignment of error relating to this point. Regardless of whether the error involves express or implied findings of fact, there must be specific assignments of error before we will go behind the trial court's findings. *Hansen v. Lindell,* 14 Wn.2d 643, 653–54, 129 P.2d 234 (1942); *cf. Eichler v. Yakima Vly. Transp. Co.,* 83 Wn.2d 1, 6, 514 P.2d 1387 (1973).

■ Finally, even assuming a proper argument and assignment of error regarding the sufficiency of the evidence, we would not be able to sustain such a challenge on this record. The only possible authority permitting a name change is that portion of RCW 26.26.130(3) authorizing the court to make provisions concerning "any other matter in the best interest of the child." We presume the trial court read and understood the statute. Thus, the court's direction that the last name of the child be changed from Daves to Nastos establishes by necessary implication that the court found the name change was in the best interest of the child. Even if appellants had properly argued and assigned error to the sufficiency of the evidence supporting this finding, we would reach the same conclusion because appellants have not filed a verbatim report of proceedings with this court. Under similar circumstances, other courts have presumed, in the absence of a transcript, that the evidence was sufficient to sustain the action of the trial court. As one court stated:

> Appellant has failed to file with this court the reporter's transcript . . . [W]e must presume there was evidence in

the record sufficient to sustain the judgment, and that the trial court found it was not in the best interest of the children to effectuate the name change.

*Laks v. Laks,* 25 Ariz. App. 58, 61, 540 P.2d 1277, 1280 (1975).

In reaching our decision, we note that appellants' reliance on *In re Marriage of Hurta,* 25 Wn. App. 95, 605 P.2d 1278 (1979) is misplaced. *Hurta* simply holds that there is no provision in the dissolution statutes, RCW 26.09.010 *et seq.,* for change of a child's name. The *Hurta* court referred the parties to the name change statute, RCW 4.24.130, and pointed out that even if the application had been made under that statute, the name change could not have been granted as there was nothing *in the record* showing that the proposal was considered from the standpoint of the child. However, the *Hurta* court could not have made such a decision without the benefit of a complete record.

Finding that a court has authority under RCW 26.26.130 to change a child's name, and further finding that such relief, though not specifically prayed for in the pleadings, was proper under CR 54(c), we affirm the judgment below.

WILLIAMS, J. (concurring)—I concur. Heretofore, the law dealing with "children born out of wedlock" was called a "filiation proceedings", former RCW 26.24, or "bastardy proceedings", *State v. Taylor,* 39 Wn.2d 751, 238 P.2d 1189 (1951) and was intended only to resolve the questions of paternity, expenses of confinement and support of the unwanted child. The Uniform Parentage Act, RCW 26.26 adopted in 1976 was a significant step forward in recognizing that such children are not necessarily unwanted and must have the same protection, care and nurturing as those whose parents have a different legal arrangement.

In this case the trial court recognized that the proceeding was being conducted for the best interest of the child and directed in an ultimate finding that she bear the name of her father who *wants* to be her father.

In giving the child her father's name, the trial court acted

pursuant to the authority contained in the statute and, in my view, with commendable sagacity. What better way is there to foster and encourage the relationship between parent and child.

RINGOLD, J. (dissenting)—Even assuming arguendo[4] that the trial court has the power to change the child's name for the "best interests of the child," the trial court decision here should be reversed. I respectfully dissent from the majority opinion because it misconstrues the rules pertaining to assignment of error and the failure to make findings of fact.

## ASSIGNMENT OF ERROR

The trial court entered the following "finding of fact":

Under RCW 26.26.130, the Court has the authority to change the name of the child in this matter. Accordingly, the Court directs that the last name of the child be changed from Daves to Nastos and further directs that a new birth certificate be issued to reflect that Christopher Nastos is the father of said child.

Daves assigned error to this finding, which is the only finding relating to the name change. The majority holds that

---

[4]By ignoring the issue, the majority cavalierly disposes of Daves' argument that the court, under the Uniform Parentage Act, RCW 26.26, lacks the power to change a child's name.

Prior to the enactment of the Uniform Parentage Act, the Legislature provided for the determination of paternity through filiation proceedings. Former RCW 26.24. Former RCW 26.24.190 provided as follows:

If the mother be a suitable person she shall be awarded the custody and control of said child; . . . *Such order and judgment may further provide, in the discretion of the court, that the surname of the accused shall henceforth be the lawful surname of such child.*

(Italics mine.) Laws of 1919, ch. 203, § 19. The filiation proceeding was supplanted by the Uniform Parentage Act, RCW 26.26. It will be observed that a similar provision granting authority to the court to change the surname of the child is not included in the Uniform Parentage Act. RCW 26.26. Under the general rule of statutory construction, when a material change is made in a statute, a change in legislative purpose must be presumed. *In re Adoption of Jackson,* 89 Wn.2d 945, 578 P.2d 33 (1978). Daves' argument that the court lacks authority to order a name change is thus worthy of consideration. In view of my analysis, however, it is unnecessary for me to consider this issue in depth.

the assignment of error is insufficient and that Daves should have assigned error to the court's failure to enter a finding that the name change was in the best interests of the child, or challenged the sufficiency of the evidence supporting the finding. The majority also suggests that Daves erred in failing to assign error to the "implied finding" that the name change was in the best interests of the child. Denying Daves' appeal on such technical procedural grounds violates the spirit of the majority's statement that adherence to formalities is not appropriate where the focus is on the child's best interests. *See also* RAP 1.2(a) (cases and issues should not be decided on the basis of noncompliance with rules).

The trial court's "finding of fact" is nothing more than a legal conclusion that the court has the authority under RCW 26.26.130 to change the child's name. Conclusions of law denominated as findings of fact are treated as conclusions of law on appeal. *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 267, 501 P.2d 290 (1972), *appeal dismissed,* 411 U.S. 945 (1973). Daves adequately assigned error to the conclusion of law that the court had power to change the child's name. She set out the finding verbatim in the assignment of error section of her brief and discussed the alleged error in the text of the brief. *See* RAP 10.3(a)(3) and 10.4(c). Assignments of error are intended to direct the appellate court's attention to the alleged error so that the court need not search the record for error. *Ford v. Bellingham–Whatcom Cy. Dist. Bd. of Health,* 16 Wn. App. 709, 558 P.2d 821 (1977). The alleged error here was clearly drawn to our attention. Daves properly assigned error and the merits of the appeal should be considered.

## ADEQUACY OF THE COURT'S FINDINGS

The trial court is required to enter findings on all material issues and ultimate facts. *Daughtry v. Jet Aeration Co.,* 91 Wn.2d 704, 707, 592 P.2d 631 (1979); *Wold v. Wold,* 7 Wn. App. 872, 503 P.2d 118 (1972). Findings of fact which are conclusions of law stand only if there are other findings

of fact sufficient to support them. *Miller Lumber Co. v. Holden,* 45 Wn.2d 237, 273 P.2d 786 (1954). The trial court finding here is nothing more than "an assertion . . . unsupported by evidence or other findings" and does not adequately support the court's judgment. *See Pullman Co. v. State,* 65 Wn.2d 860, 864, 400 P.2d 91 (1965). The findings do not fulfill their function of "inform[ing] the appellate court [of] '"what questions were decided by the trial court and the manner in which they were decided . . ."'" *Daughtry,* at 707.

The majority assumes that the trial judge read and understood the law and must be presumed to have found the name change to be in the child's best interests. This presumption is not warranted where, as here, the court failed to make the necessary findings on material issues or even to enter the required conclusion of law that the name change was in the child's best interests. The lack of findings makes it impossible to determine what issues the trial court considered or on what theory the matter was decided. The appellate court should not "second guess" the trial court and assume that the court considered the child's best interests. *State v. Kingman,* 77 Wn.2d 551, 463 P.2d 638 (1970). As this court has stated: "It is improper for an appellate court to ferret out a material or ultimate finding of fact . . ." *Wold,* at 876.

The proper presumption in this case is that a material question of fact on which no finding is made is deemed to be determined against the party with the burden of proof on the issue. *McCutcheon v. Brownfield,* 2 Wn. App. 348, 467 P.2d 868 (1970). Nastos had the burden of establishing that the name change was in the child's best interest. The absence of a finding on the matter may properly be interpreted as a failure to meet this burden. *McCutcheon.*

Because the conclusion of law is unsupported by any factual findings, it is not necessary to evaluate the sufficiency of the evidence. The agreed report of proceedings provides a sufficient record for this appeal.

## EXERCISE OF DISCRETION

A court's determination of the "best interests of a child" requires the exercise of the court's discretion. The decision cannot be an arbitrary determination made by the court simply because it has the power to do so. The court's discretion cannot be exercised in a vacuum without any findings reflecting the factors which were considered by the court in determining whether the change of name would be for the best interests of the child:

> Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *State ex rel. Clark v. Hogan,* 49 Wn.2d 457, 303 P.2d 290 (1956).

*State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Here, there is a complete lack of findings relating to the best interests of the child. Additionally, it is not intuitively obvious that such a change would necessarily benefit the child.[5] We do not know what objective criteria, if any, were considered and weighed by the trial court in arriving at its determination. We should find that the court failed to exercise its discretion.

I would modify the decree of paternity entered on October 10, 1983, deleting therefrom the following paragraph: "Ordered, adjudged and decreed that the last name of the child, Alaina Joy Daves, be changed to Alaina Joy Nastos and that a new birth certificate be issued to reflect this . . . ."

Review granted by Supreme Court March 15, 1985.

---

[5]The concurring opinion suggests the name change may be in the best interest of the child because it strengthens the child–parent relationship. There is no record or findings supporting this imaginary basis for the trial court's action. It is not the role of this court to supply possible motives or reasons for the trial court's actions. *Wold v. Wold,* 7 Wn. App. 872, 876, 503 P.2d 118 (1972).