[No. 2284-1.    Division One.    June 24, 1974.]

THE CITY OF SEATTLE, *Appellant*, v. NOEL BLAINE SAGE, JR., *Respondent*.

*John P. Harris, Corporation Counsel,* and *James G. Blair, Assistant,* for appellant.

*John R. Simmons,* for respondent.

CALLOW, J.—The defendant was charged with negligent

driving and driving while under the influence of intoxicating liquor in violation of a city ordinance. He was convicted of both offenses in the Seattle Municipal Court and appealed to Superior Court where the matter came on for a de novo hearing on February 7, 1973. The trial court dismissed the charges on a pretrial motion on three grounds: (1) the complaint was defective in that it was not signed as required by the citing officer; (2) there had not been a valid arrest; and (3) the defendant was not advised of his statutory rights before submitting to the breathalyzer. The City has appealed the dismissal of the charges.

The defendant moved this court to dismiss the appeal under CAROA 51 claiming that the notice of appeal was not served or filed within the time limited by rule. CAROA 46 requires that a written notice of appeal be filed with the clerk of the court within 30 days after entry of the order from which an appeal is taken. The trial court's dismissal of the charges was granted following a hearing on the motion to dismiss as reflected in the minute entry of the court. On the 21st of February 1973, an "Order of Dismissal and Exoneration of Bond" was signed by the trial court. The order, entered ex parte without notice to the City, recited that the complaint was dismissed and ordered the clerk to return the $250 appeal bond to the defendant. On May 2, 1973, the City gave notice of appeal which was filed on May 3, 1973, and thereafter served. CR 54(e) provides that the attorney of record for the prevailing party shall prepare and present a proposed form of order or judgment not later than 15 days after the entry of the decision. Under CR 54(f)(2), no order or judgment shall be signed or entered until opposing counsel has been given 5 days' notice of presentation and served with a copy of the proposed order or judgment except in certain circumstances inapplicable here. The effect of the failure to comply with the notice requirement of CR 54(f) is to void the entry of the judgment and make the action of the trial court ineffectual. Under these circumstances, we deny the motion to dismiss the appeal and review the contentions

raised by the City so that the parties will not be put to the useless acts of resubmitting an order of dismissal and re-perfecting an appeal to attain again the present posture of the proceedings.

The record provides little insight into the facts surrounding the alleged violation since the case was dismissed prior to trial. The prosecution arose out of a traffic accident in which the defendant was injured. The City called a Seattle police officer who testified that he arrived at the scene of the accident shortly after it had happened. This officer further testified that the defendant was one of three injured people at the accident and that his first action was to call for aid cars and ambulances. He then testified:

A . . . and after I'd talked, or bent over Mr. Sage; and I could smell alcohol on his breath at the time; and it was my opinion at this time that this was a possible cause; and at this point I felt that he was, should be placed under arrest for being intoxicated in public. And subject to further tests, a possible charge of driving while intoxicated. Q Did you place him under arrest for this? A Yes, I did. Q Did you fully advise him of all his rights at this time? A The man was not conscious. At this point I advised the driver of the aid vehicle that the man was under arrest, and he was to remain at the hospital until our arrival, and to notify hospital personnel.

On cross-examination, this officer further testified:

Q [Defense Counsel] You didn't place him under arrest? A He didn't respond. Q You didn't see any offense committed by this man? A He was drunk, in my opinion. Q What did he do to show you he was drunk? A I felt he was intoxicated. This was the feeling I had because of the strong odor of alcohol on his breath. I had to bend over the man to see if he was breathing. Q What offense did he commit in your presence? A Public intoxication. Q He was drunk in public? A Yes, sir. Q And on the basis of what facts? Just the smell of this man? The odor of alcohol? You concluded that he was drunk in public? A It was my opinion that he was. Q That you placed him under arrest for drunk in public? A Yes, sir. Q How did you place him under arrest? A Well, I didn't place

handcuffs on him, if this is what you mean. I advised the aid car that he was in our custody, and was to be detained at the hospital, and police hold put on him until our arrival. In this case, because of the accident, of the injuries, he wouldn't be leaving the hospital prior to our arrival. We were minutes out of the arrival.

During the hearing on the pretrial motion, the City also called an officer who testified that he did not arrest the defendant following the accident because the defendant was asleep in the hospital when he saw him.

■ The citation delivered to the defendant was considered defective by the trial court for lack of an actual handwritten signature. In the blank marked "officers" on the Washington Uniform Traffic Complaint and Citation form, there appeared "Det. J.M. Ragsdale" in typewritten letters. The defendant contends that under JTR T2.01(d)(1) a complaint, "when signed by the citing officer" is unlawful if the signature is typewritten rather than in the handwriting of the citing officer. RCW 9.01.010(7) defines a signature as follows:

> The word "signature" shall include any memorandum, mark, or sign made with intent to authenticate any instrument or writing, or the subscription of any person thereto.

A signature may be affixed by being written by hand, printed, stamped, typewritten or engraved. *Gary v. Russell,* 123 Ind. App. 609, 112 N.E.2d 872, 876 (1953); 80 C.J.S. *Signatures* § 7 (1953); Annot., 30 A.L.R. 700, 704-06 (1924). The evidence does not support a conclusion other than that the signature was typed by the arresting officer with the intent to affix his signature to the citation. We hold the citation was signed as required.

■ The officer had probable cause to arrest the defendant for public intoxication. An arrest for a misdemeanor may be made without a warrant where the arresting officer has probable cause to believe that the offense is being committed in his presence. *Tacoma v. Harris,* 73 Wn.2d 123, 436 P.2d 770 (1968). A person is placed under

arrest when he is deprived of his liberty by an officer who intends to arrest him. The arresting officer does not need to orally communicate this intent to the person being arrested. *State v. Sullivan,* 65 Wn.2d 47, 395 P.2d 745 (1964). Here the arrest occurred when the officer informed the aid car attendants that the defendant was under arrest and was not to be allowed to leave. The arrest was valid.

█ The results of the breathalyzer test were admissible. Under RCW 46.20.308, a person who operates a motor vehicle upon the public highways of this state is deemed to have given consent to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood when he is arrested for certain crimes. RCW 46.20.308(2) reads as follows:

> Any person who is dead, unconscious or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn the consent provided by subsection (1) of this section and the test or tests may be administered, . . .

In this case, the officer had "reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor." RCW 46.20.308(1). The legislature did not intend that an unconscious person, who under the specific wording of RCW 46.20.308(2) may be tested, must first be advised of his rights to refuse the test. Such a proceeding would require a useless act on the part of the testing officer. In *Department of Motor Vehicles v. McElwain,* 80 Wn.2d 624, 628, 496 P.2d 963 (1972), the court stated:

> The statute does provide that the operator shall be advised, and the obvious purpose of this requirement is to provide him the *opportunity of exercising an intelligent judgment if he is capable of doing so.*

(Italics ours.) Warnings in this case would have been futile because the defendant could not have exercised an intelligent judgment. The warnings therefore were unnecessary, and the test results should be admitted. *See Strand v. De-*

*partment of Motor Vehicles,* 8 Wn. App. 877, 509 P.2d 999 (1973).

The order of dismissal is reversed.

FARRIS and JAMES, JJ., concur.
Petition for rehearing denied August 29, 1974.
Review denied by Supreme Court November 19, 1974.