[No. 7599-3-I. Division One. July 7, 1980.]

JOHN R. SOPER, ET AL, *Appellants,* v. HANLY V. KNAFLICH, *Defendant,* HARLEY D. O'NEIL, JR., ET AL, *Respondents.*

*Merges, Youngberg, Goucher, Larson & Brain, William Goucher,* and *Joseph Koplin,* for appellants.

*James Tompkins, W. F. Weckworth, Nelson & McCarthy, P.S., Richard C. Nelson,* and *William McGillin,* for respondents.

WILLIAMS, J.—John and Lois Soper brought this suit against Hanly Knaflich and Harley and Kathryn O'Neil for specific performance of an earnest money agreement. The O'Neils' motion for partial summary judgment was granted. The Sopers appeal; we affirm.

On February 18, 1978, the Sopers and Knaflich signed an earnest money agreement for the purchase of an apartment building owned by Knaflich. No date for closing was set in the agreement. By May 4, 1978, the Sopers had not obtained financing and Knaflich notified them that the earnest money agreement had expired. The Sopers tried to record the agreement, but were told by the registrar that they were required to pay a 1 percent excise tax of $1,700. On June 27, in lieu of recording, the Sopers sent copies of the agreement by certified mail to a number of title insurance companies, including Chicago Title Insurance Company.

On June 21, 1978, unknown to the Sopers, Knaflich signed another earnest money agreement for the sale of the same building to the O'Neils. This sale was closed on July 3, 1978, by University Federal Savings and Loan which arranged with Chicago Title for a preliminary title report. On August 10, 1978, the Sopers recorded their earnest money agreement, paying the $1,700. They later learned that the property had been sold to the O'Neils and this suit followed.

The Sopers first contend that the Court of Appeals does not have jurisdiction because the original order of partial summary judgment dismissing the O'Neils did not comply with CR 54(b) and, therefore, it is not final and appealable. CR 54(b) provides in part:

the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination in the judgment, that there is no just reason for delay and upon an express direction for the entry of judgment.

It appears that a few days after the Sopers' notice of appeal was filed, the court, on motion of the O'Neils, and, as authorized by RAP 2.2(c), corrected the order to make it a final judgment. RAP 2.2(c) provides in pertinent part:

In any case with multiple parties . . . an appeal may be taken from a final judgment . . . but only after an express direction by the trial court for entry of judgment

and a written finding that there is no just reason for delay. The finding may be made at the time of entry of judgment or thereafter on the court's own motion or on motion of any party. The time for filing notice of appeal begins to run from the entry of the required finding.

The notice of appeal on file when the corrected order was entered is good, RAP 5.2. At that time, all necessary elements of jurisdiction were of record.

The Sopers next contend that because the corrected order of partial summary judgment was entered without notice to them, it is invalid. Ordinarily, an order of summary judgment may not be obtained ex parte. CR 54(f)(2).

The Sopers offer no evidence or argument that the trial court's order of partial judgment should have been interlocutory rather than final. The Sopers have shown no prejudice resulting from the lack of notice and have not asked terms in connection therewith. They did find out about its entry and, indeed, they timely appealed from it. Even so, such an order should not be presented without the required notice and any showing of prejudice would justify its vacation.

Next, the Sopers contend that the trial court erred in deciding that the O'Neils were bona fide purchasers for value who took the property free from the prior unrecorded interest of the Sopers. RCW 65.08.070; *Cunningham v. Norwegian Lutheran Church of America,* 28 Wn.2d 953, 184 P.2d 834 (1947). They claim that Chicago Title had a duty to report to University Federal, the escrow agent, that it had received a copy of the Sopers' earnest money agreement, thereby showing a cloud on Knaflich's title. That duty, the Sopers say, arose because Chicago Title was an agent of University Federal and University Federal, in turn, was an agent of the O'Neils as a matter of law. *National Bank of Washington v. Equity Investors,* 81 Wn.2d 886, 909–10, 506 P.2d 20 (1973).

Ordinarily, an agent does have a fiduciary duty to his principal to report information that he receives affecting his principal's interests. The knowledge of an agent will be

imputed to his principal. *Chase v. Beard,* 55 Wn.2d 58, 63–64, 346 P.2d 315 (1959); *Hendricks v. Lake,* 12 Wn. App. 15, 22, 528 P.2d 491 (1974). Whether a title insurance company is an agent or an independent contractor depends on the facts and circumstances of each case. *See Seattle–First Nat'l Bank v. Pacific Nat'l Bank,* 22 Wn. App. 46, 55, 587 P.2d 617 (1978); *Rice v. Taylor,* 220 Cal. 629, 32 P.2d 381 (1934). In *Moss v. Vadman,* 77 Wn.2d 396, 402–03, 463 P.2d 159 (1969) it was said:

> We have repeatedly held that a prerequisite of an agency is control of the agent by the principal.
> We have frequently cited the Restatement of Agency for the proposition that an agency relationship results from the manifestation of consent by one person that another shall act on his behalf and subject to his control, with a correlative manifestation of consent by the other party to act on his behalf and subject to his control.

(Footnote and citations omitted.)

The Sopers produced no specific facts to create a genuine issue as to whether an agency relationship existed between Chicago Title and University Federal. The earnest money agreement creates no agency, it simply provides that the buyer is to select a title insurer at the seller's expense. Neither does the Soper affidavit state facts which would establish an agency relationship.

■ Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden of proof is on the moving party, but where, as here, the motion is adequately supported by evidence, the adverse party may not rest on mere allegations, but must allege specific facts to raise a material issue. *LaPlante v. State,* 85 Wn.2d 154, 531 P.2d 299 (1975). Because there are no facts to prove the requisites of consent and control between Chicago Title and University Federal, there is no issue of fact as to any agency relationship.

Entry of the partial summary judgment dismissing the O'Neils was correct. That judgment is affirmed.

JAMES, A.C.J., and ANDERSEN, J., concur.