2014 FEB 10 AM 10: 14
COURT OF APPEALS DIV 1

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JEFFREY CHEN, individually, | ) | NO. 69429-4-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CITY OF MEDINA, a public agency and Washington noncharter code city, | ) ) | |
| | ) | |
| Respondent. | ) | FILED: February 10, 2014 |
| | ) | |

LEACH, C.J. — Jeffrey Chen appeals a trial court order denying his motion for relief under the Public Records Act (PRA), chapter 42.56 RCW, and his motion for reconsideration. Chen claims that he did not receive proper notice before the trial court entered its findings of fact and conclusions of law, that the court should not have entered any findings of fact and conclusions of law when it entered its amended order denying his motion for relief under the PRA, that we should amend the trial court's findings of fact and conclusions of law consistent with his motion for reconsideration, and that the trial court entered a final judgment without resolving all of the issues that he raised. Because Chen demonstrates no prejudice caused by inadequate notice, provides no authority showing that the court erred by entering findings of fact and conclusions of law

with the order or permitting us to amend the trial court's findings and conclusions, and the court properly addressed all issues that Chen raised, we affirm.

## FACTS

Chen is the former chief of police for the City of Medina (City). In November 2010, the City's insurer hired attorney Michael Bolasina to provide legal advice to the City following reports of unauthorized access into its e-mail records. In December 2010, after Bolasina interviewed Chen about complaints of this unauthorized activity, Bolasina asked Chen to review his documentation of Chen's interview statements. Chen resigned two days later without responding to Bolasina's request. After Chen tried to rescind his resignation, City Manager Donna Hanson placed him on administrative leave on December 27, 2010. On January 27, 2011, Chen provided a memorandum contradicting his earlier statements to Bolasina and claiming protection as a whistleblower. Bolasina advised Hanson about her response to Chen and believed that litigation with Chen was likely.

On February 2, 2011, Bolasina met in an executive session with the city council under RCW 42.30.110(1)(i) to provide advice about potential litigation with Chen.[1] Bolasina prepared no written report for this meeting. During the

---

[1] RCW 42.30.110(1)(i) states,

executive session, he provided documents to the city council members to assist in the discussion. Bolasina collected these documents at the end of the executive session. He did not provide these documents to the city council at any later time.

On February 1, the City hired Stephanie Alexander as its legal counsel out of concern that Bolasina might be a witness in anticipated litigation. Alexander hired Ellen Lenhart to conduct an independent investigation into Chen's resignation. Lenhart interviewed witnesses and prepared a report (Lenhart Report) directed to Alexander on March 23, 2011.[2]

On March 29, 2011, the City received a public records request from Chen, seeking

> [a]ny and all documents from February 1, 2004, to date regarding or discussing Jeffrey Chen, the current Chief of Police of the City of Medina. This request includes any and all investigative reports

---

(1) Nothing contained in this chapter may be construed to prevent a governing body from holding an executive session during a regular or special meeting.

. . . .

(i) To discuss with legal counsel representing the agency matters relating to agency enforcement actions, or to discuss with legal counsel representing the agency litigation or potential litigation to which the agency, the governing body, or a member acting in an official capacity is, or is likely to become, a party, when public knowledge regarding the discussion is likely to result in an adverse legal or financial consequence to the agency.

[2] Lenhart interviewed Bolasina, but he did not discuss his legal advice to the City or provide her with the documents that he provided to the city council during the executive session.

prepared by any investigator retained by the City of Medina, including, but not limited to Michael Bolasina and Ellen Lenhart, any and all documents reviewed by the Medina City Council concerning or about Chief Jeffrey Chen, any and all emails of or about Chief Jeffrey Chen, received or sent, and any and all information in whatever form which discusses in any manner the rationale for placing Chief Chen on administrative leave on December 27, 2010.

On March 31, the City provided Chen with an unredacted copy of the Lenhart Report.[3] On April 1, the City requested clarification of Chen's request and direction about what specific identifiable records he sought. In an e-mail to Chen, the City asked, "Are you seeking purely employment records, or all records in which his name and/or position is referenced in all documents concerning city business since 2/1/2004?" In this e-mail, the City also informed Chen, "In response to the second portion of your request, records will be provided to you as they become available between now and July 31, 2011." On April 4, Chen replied, "I am seeking all records in which Chief Jeff Chen's name and/or position is referenced in all documents concerning the City of Medina's business since 2/1/2004." Hanson terminated Chen on April 27, 2011.[4]

---

[3] Chen used the Lenhart Report to prepare a response considered at his <u>Loudermill</u> hearing held on April 14, 2011. A <u>Loudermill</u> hearing is a due process pretermination requirement for certain government employees that gives them an opportunity to be heard. <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 542-45, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985).

[4] On December 16, 2011, Chen sued the City in the United States District Court for the Western District of Washington for wrongful termination, seeking $14 million in damages. <u>See</u> <u>Chen v. City of Medina</u>, No. C11-2119, 2013 WL 4511411 (W.D. Wash. August 23, 2013).

Chen filed a second records request on June 16, 2011, seeking a recording of the city council meeting on November 8, 2010, "in its entirety." Because the tape recorded part of a conversation held during a recess in the meeting and the parties to this conversation did not give their permission to record it, Hanson sought legal advice about this request. The legal review caused the City to miss its estimated deadline, but it provided a recording to Chen on July 18.

In July, the City identified 30,610 separate e-mail potentially responsive to Chen's request, including 2,860 e-mail relevant to the employment investigation. The City provided Chen with an installment of 218 e-mail on July 30, 2011, after a legal review determined that these e-mail were not exempt from disclosure. At that time, the City estimated that an installment of additional records would be available in three months.

On August 5, 2011, Chen filed this lawsuit against the City for enforcement of the PRA. On August 16, Chen obtained an ex parte order to show cause under RCW 42.56.550 and King County Local Rule 40.1(b)(2)(H). On August 17, Chen moved for an order to lodge documents with the court, which the court denied. On August 26, Chen filed a motion for relief under the PRA. The court held a show cause hearing on September 12.

On November 30, 2011, Chen's attorney, Marianne Jones, filed a notice of unavailability from December 17 through and including January 2.[5] On December 1, 2011, the court entered an order on transfer of individual judge assignment, effective January 9, 2012. On December 14, a paralegal at Jones's law firm sent an e-mail to the court indicating receipt of this order and stating,

> A hearing took place on September 12, 2011, related to Plaintiff's Motion for [Relief] under RCW 42.56. I checked the Court docket and confirmed that, as of today no ruling has been made on this motion. Can you tell me whether we may expect a [ruling] on the motion prior to the transfer of the case to Judge McCarthy?

On December 15, the court responded that the currently assigned judge would "issue a ruling no later than 1/6/12."

On December 22, the court asked that each party submit a proposed order on Chen's motion for relief. The City filed and served its proposed order on Tuesday, December 27, 2011.[6] On January 4, 2012—five court days after the City served its proposed order—the trial court entered an order denying Chen's motion for relief, which included findings of fact and conclusions of law.

On January 17, 2012, Chen moved for reconsideration. The court denied this motion on April 26 but entered an amended order, which also included findings of fact and conclusions of law. On September 10, 2012, the trial court

_____

[5] Chen's brief purports to include the text of an "automatic reply" e-mail from Jones's e-mail account that reflected her absence. Nothing in the record contains the text of this alleged automatic reply message.

[6] Chen submitted his proposed order as an attachment to his motion.

granted the City's motion for entry of judgment and awarded the City statutory attorney fees under RCW 4.84.010.[7]

Chen appeals.

## STANDARD OF REVIEW

We review de novo all agency actions challenged under the PRA.[8] We review a trial court's decision to deny a motion for reconsideration for an abuse of discretion.[9] A trial court abuses its discretion if its decision is manifestly unreasonable or is based on untenable grounds.[10]

## ANALYSIS

Chen identifies the following issues. First, he claims, "Under CR 52(c), the trial court abused its discretion in entering the initial findings of fact and conclusions of law on January 4, 2012, because proper notice was not provided to Chief Chen." Second, he alleges, "The trial court abused its discretion in entering the findings of fact and conclusions of law when their entry was not necessary and a simple order was sufficient." Third, Chen contends,

---

[7] Despite the City's contrary assertion, the court's April 26, 2012, order did not constitute a final judgment. See CR 54; RAP 2.2(a)(1).

[8] Koenig v. Pierce County, 151 Wn. App. 221, 229, 211 P.3d 423 (2009) (citing RCW 42.56.550(3); Daines v. Spokane County, 111 Wn. App. 342, 346, 44 P.3d 909 (2002)).

[9] Drake v. Smersh, 122 Wn. App. 147, 151, 89 P.3d 726 (2004).

[10] State v. Emery, 161 Wn. App. 172, 190, 253 P.3d 413 (2011) (quoting State v. Allen, 159 Wn.2d 1, 10, 147 P.3d 581 (2006)).

> The findings of fact and conclusions of law entered on January []4, 2012, and as amended on April 26, 2012, should be deemed void under CR 54(f), because the trial court abused its discretion by entering the findings of fact and conclusions on law on January 4, 2012 without proper notice having been provided to Chief Chen and absent evidence sufficient.

Fourth, Chen asserts, "Alternatively, Chief Chen requests that the appellate court amend the findings of fact and conclusions of law as requested in Chief Chen's motion for reconsideration." Finally, he claims, "The final judgment entered on April 26, 2012, should be vacated, because the trial court's [sic] failed to address all issues contained in Chief Chen's original motion for relief under the PRA, which constitutes an abuse of discretion." We disagree.

Chen claims that he did not receive the notice required by CR 52(c) and CR 54(f)(2) before the trial court entered its order on January 4, 2012. He argues that at the time the City served its proposed order, "Medina (i) had been provided prior notice of counsel's unavailability, and (ii) received a responsive email upon service of the proposed findings of fact and conclusions of law, that counsel was unavailable for service. . . . Counsel's notice of unavailability had also been filed with the court on November 30, 2011." Chen suggests three ways that the City's purported failure to give the required notice prejudiced him. First, he asserts that had he received proper notice, "all of the factual discrepancies stated within the statement of fact and supported by the Declaration would have been raised." Second, he asserts,

-8-

> [T]he trial court would have been apprised that a new lawsuit in Federal Court had just been filed on December 16, 2011 and that it was evident that the attorney for Medina was merely attempting to obtain findings and conclusions to be entered that [sic] so that Medina may argue subsequently that the findings had been determined.

Third, he asserts,

> [B]ecause the court had not issued an oral ruling or a preliminary written order indicating its decision and/or the basis for its decision, even if Chief Chen was afforded proper notice under CR 52(c), he was not aware that the court intended to deny his motion. Therefore, Chief Chen could not have known he was a "defeated party" under the rule, and thus, that he was in a position where he needed to object to Medina's proposed findings of fact and conclusions of law, or have them entered against him.

CR 52(c) states, "[T]he court shall not sign findings of fact or conclusions of law until the defeated party or parties have received 5 days' notice of the time and place of the submission, and have been served with copies of the proposed findings and conclusions." "The purpose of CR 52(c) is to afford the defeated party an opportunity to evaluate and object to the contents of its opponent's proposed findings before the court adopts and enters those findings."[11]

Similarly, CR 54(f)(2) states, "No order or judgment shall be signed or entered until opposing counsel have been given 5 days' notice of presentation and served with a copy of the proposed order or judgment." Generally, a failure

---

[11] 224 Westlake, LLC v. Engstrom Props., LLC, 169 Wn. App. 700, 728, 281 P.3d 693 (2012).

to comply with this notice requirement renders the trial court's order void.[12] An order entered without the required notice is not invalid, however, if the complaining party shows no resulting prejudice.[13]

Here, Chen fails to show prejudice from any insufficient notice. Before Jones became unavailable, her law firm learned when the court planned to issue its ruling. Jones knew that the court intended to rule on Chen's motion before January 6, four days after her "unavailability." Chen submitted a proposed order on his motion for relief. The City was obligated to respond to the court's December 22 request for a proposed order. It could not timely comply with the court's request and also accommodate Jones's unavailability. Although the court did not hear live testimony, it properly considered the evidence that the parties submitted in support of and in opposition to Chen's motion.[14] Chen filed a motion for reconsideration challenging the January 4 findings of fact and conclusions of law, which the court considered and denied. He was also allowed to appeal the judgment and to present all the issues he wished to raise. Additionally, Chen cites no legal authority to support his assertion that service was not effective until

---

[12] Burton v. Ascol, 105 Wn.2d 344, 352, 715 P.2d 110 (1986) (citing City of Seattle v. Sage, 11 Wn. App. 481, 482, 523 P.2d 942 (1974)).

[13] Burton, 105 Wn.2d at 352 (citing Soper v. Knaflich, 26 Wn. App. 678, 681, 613 P.2d 1209 (1980)).

[14] See RCW 42.56.550(3); WAC 44-14-08004(1); O'Neill v. City of Shoreline, 170 Wn.2d 138, 152-53, 240 P.3d 1149 (2010) (PRA permits court to conduct hearing based solely on affidavits).

the date that counsel became available. Because Chen fails to show prejudice, we deny his challenge on the basis of inadequate notice.

Next, Chen argues that "the trial court abused its discretion in entering the findings of fact and conclusions of law when their entry was not necessary and a simple order was sufficient." Specifically, he claims that "findings of fact and conclusions of law were not necessary as to the trial court's determination regarding Chief Chen's two primary issues: (1) whether Medina's proposed date of response was reasonable; and (2) whether Medina afforded Chief Chen its fullest assistance."

Chen relies upon CR 52(a)(5)(B) to support his claim. This rule states that findings of fact and conclusions of law are not necessary "[o]n decisions of motions under rules 12 or 56 or any other motion, except as provided in rules 41(b)(3) and 55(b)(2)." Because we review the challenged order de novo, the trial court's findings of fact and conclusions of law are superfluous.[15] Thus, Chen again fails to demonstrate prejudice.

Chen also asks us to amend the trial court's findings of fact and conclusions of law to conform to the requests in his motion for reconsideration. He cites only RAP 7.3 and RAP 12.3(a) as authority supporting this request. RAP 7.3 gives an appellate court authority "to determine whether a matter is

___

[15] See Donald v. City of Vancouver, 43 Wn. App. 880, 883, 719 P.2d 966 (1986).

properly before it, and to perform all acts necessary or appropriate to secure the fair and orderly review of a case." RAP 12.3(a) defines a "decision terminating review," which includes a decision on the merits.[16]

As we stated in Wold v. Wold,[17] "It is improper for an appellate court to ferret out a material or ultimate finding of fact from the evidence presented. Such a practice would place the appellate court in the initial decision making process instead of keeping it to the function of review." If a trial court omits findings on material issues, an appellate court will often direct the trial court to make findings on those issues.[18] Because we generally do not amend a trial court's findings of fact, we reject this claim.

Finally, Chen alleges, "[T]he trial court's entry of a final judgment without full adjudication of all of the issues was manifestly unreasonable and constitutes an abuse of discretion, and the judgment should be reversed." Chen asserts that the court did not "affirmatively determine whether the [sic] Medina's response date of seven months after Chief Chen's initial request . . . was reasonable under RCW 42.56.550(2). Instead, the trial court's decisions simply stated that three months and a decision to provide records in installments was reasonable." He also claims that "the trial court's orders did not address whether Medina provided

---

[16] RAP 12.3(a)(3)(i).
[17] 7 Wn. App. 872, 876, 503 P.2d 118 (1972).
[18] Wold, 7 Wn. App. at 877 (citing Peterson v. Neal, 48 Wn.2d 192, 292 P.2d 358 (1956)).

the fullest assistance." Further, he contends that the trial court awarded statutory

attorney fees to the City prematurely.

RCW 42.56.550(2) states,

Upon the motion of any person who believes that an agency has not made a reasonable estimate of the time that the agency requires to respond to a public record request, the superior court in the county in which a record is maintained may require the responsible agency to show that the estimate it provided is reasonable. The burden of proof shall be on the agency to show that the estimate it provided is reasonable.

In his motion for relief, Chen argued that the City's estimated response date,

which was three months beyond the originally estimated date of four months,

was unreasonable. He asked the trial court to order immediate disclosure. The

court implicitly declined this request by concluding that the City acted reasonably

when it extended its estimated response date by three months—meaning a total

estimated response time of seven months—and when it notified Chen that it

would produce the records in installments. Therefore, the court addressed this

issue fully.

RCW 42.56.100 states,

Agencies shall adopt and enforce reasonable rules and regulations, and the office of the secretary of the senate and the office of the chief clerk of the house of representatives shall adopt reasonable procedures allowing for the time, resource, and personnel constraints associated with legislative sessions, consonant with the intent of this chapter to provide full public access to public records, to protect public records from damage or disorganization, and to prevent excessive interference with other essential functions of the

> agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives. Such rules and regulations shall provide for the fullest assistance to inquirers and the most timely possible action on requests for information.

The PRA provides no separate cause of action for an agency's failure to provide the fullest assistance to a requester. Chen raises no challenge to any City rules or regulations. Thus, the court did not need to address this allegation. Because the trial court properly concluded that the City was the prevailing party, it did not err in awarding statutory attorney fees to the City.

Attorney Fees

A party is entitled to attorney fees on appeal if a statute authorizes the award.[19] Chen requests attorney fees under RCW 42.56.550(4), which allows a person prevailing against an agency in a court action "seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time" to recover costs, including reasonable attorney fees. This statute also gives the court discretion "to award such person an amount not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record."[20] Because Chen does not prevail in this action, we deny his request.

The City requests attorney fees under RAP 18.9(a), which permits an appellate court to award attorney fees to a party as sanctions, terms, or

---

[19] RAP 18.1.
[20] RCW 42.56.550(4).

-14-

compensatory damages when the opposing party files a frivolous appeal.[21] "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal."[22] In determining if an appeal is frivolous, we resolve all doubts in the appellant's favor.[23] An appeal is not frivolous merely because the court rejects the appellant's arguments and affirms.[24] Because Chen presents debatable issues, we also deny the City's fee request.

## CONCLUSION

Chen fails to show prejudice from any deficiency in the notice he received before the court entered its January 4, 2012, order. He also shows no prejudice caused by the trial court's entry of findings of fact and conclusions of law with its orders and does not persuade us that we should amend the trial court's findings. The court addressed all of the issues that Chen raised in his motion to show

---

[21] Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hearings Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010) (citing Reid v. Dalton, 124 Wn. App. 113, 128, 100 P.3d 349 (2004)).

[22] Advocates for Responsible Dev., 170 Wn.2d at 580 (citing Tiffany Family Trust Corp. v. City of Kent, 155 Wn.2d 225, 241, 119 P.3d 325 (2005)).

[23] Advocates for Responsible Dev., 170 Wn.2d at 580 (citing Tiffany Family Trust Corp., 155 Wn.2d at 241).

[24] Wash. Motorsports Ltd. P'ship v. Spokane Raceway Park, Inc., 168 Wn. App. 710, 719, 282 P.3d 1107 (2012) (citing Tiffany Family Trust Corp., 155 Wn.2d at 241).

cause and properly awarded statutory attorney fees to the City. For these reasons, we affirm.

_Leach, C.J._

WE CONCUR:

_Cox, J._

_Becker, J._