FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE APR 1 9 2018
_____
for CHIEF JUSTICE

This opinion was filed for record

at 8:00am on April 19, 2018

_____
SUSAN L. CARLSON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RICARDO G. GARCIA and LUZ C. GARCIA, husband and wife, | ) ) ) | |
| Petitioners, | ) ) | No. 94511-0 |
| v. | ) ) | En Banc |
| TED HENLEY and AUDEAN HENLEY, individually and the marital community of them composed, | ) ) ) ) | Filed ___APR 1 9 2018___ |
| Respondents. | ) ) ) | |

OWENS, J. — This is an encroachment case in which the petitioners were denied a mandatory injunction compelling removal of respondents' encroaching structure. The right to eject an unlawful encroaching structure is among the most precious contained within the bundle of property rights. In exceptional circumstances, when equity so demands, a court may deny an ejectment order and instead compel the landowner to convey a property interest to the encroacher. To support such an order, the court must reason through the elements this court listed in *Arnold v. Melani*, 75

Wn.2d 143, 437 P.2d 908, 449 P.2d 800, 450 P.2d 815 (1968) and reaffirmed in

*Proctor v. Huntington*, 169 Wn.2d 491, 238 P.3d 1117 (2010). The burden of

showing each element by clear and convincing evidence lies with the encroacher.

*Arnold*, 75 Wn.2d at 152. If this burden is not carried, failure to enter an otherwise

warranted ejectment order is reversible error. Because the respondents failed to carry

their burden, we reverse and remand to the trial court for the entry of judgment

consistent with this ruling.

## FACTS

Ricardo and Luz Garcia and Ted and Audean Henley are neighbors in Tieton,

Washington. The two families' plots share a boundary line separated by a fence. The

Henleys rebuilt the boundary fence multiple times during the 1990s. Each time, the

fence crept farther and farther onto the Garcia property. The largest encroachment,

extending a foot across the boundary line, occurred in 1997 while the Garcias were on

vacation. The Garcias objected to this intrusion, but took no legal or other action. In

2011, the Henleys again moved the fence. Mr. Garcia placed apple bins along a

portion of the 1997 fence to prevent the Henleys from creeping farther onto the

property. As a result, the 2011 fence tracked the 1997 fence for that shielded portion,

but arced onto the Garcia plot for the 67 feet that did not have apple bins protecting it,

encroaching an additional half foot. The Garcias again requested that the Henleys

move the fence, and the Henleys refused.

The Garcias initiated suit in 2012, seeking ejectment and damages. The Henleys counterclaimed, seeking to quiet title in their name. In closing argument, the Henleys raised the doctrine of "[d]e [m]inimis [e]ncroachment" to argue that any minor deviation from the boundary line of the adversely possessed property should be disregarded. Verbatim Report of Proceeding (Oct. 14, 2015) at 146. The Garcias responded in their closing argument that "de minimis encroachment" was equivalent to "balanc[ing] [the] equities," and orally cited *Proctor* before briefly summarizing why the five elements from *Proctor* and *Arnold* were not met. *Id.* at 149-50.

The judge determined that the Henleys had adversely possessed the land encompassed by the 1997 fence, roughly 288 square feet. However, the judge also found that the 2011 fence encroached an additional 33.5 square feet, and that the 2011 sliver had not been adversely possessed. Rather than grant an injunction ordering the Henleys to abate the continuing trespass and move the fence, the trial court ordered the Garcias to sell the 2011 sliver to the Henleys for $500. The judge failed to enter findings of fact regarding the *Arnold* elements. The Garcias appealed, alleging that the trial court erred by not entering findings relating to each of the five *Arnold* elements. The Court of Appeals affirmed, over a dissent in part by Chief Judge Fearing. *Garcia v. Henley*, noted at 198 Wn. App. 1037 (2017). The Garcias appealed to this court, and we granted review. *Garcia v. Henley*, 189 Wn. 2d 1002,

3

400 P.3d 1249 (2017). At issue is solely whether the fence should be relocated to the boundary line as set by the 1997 fence. We hold that it should.

## ISSUE

Did the trial court err by failing to order ejectment of a trespassing structure without reasoning through the *Arnold* factors?

## ANALYSIS

This court first set forth the relevant test in a 1968 case with similar facts. *Arnold*, 75 Wn.2d at 143. Due to a shared misapprehension of the property line, the Arnolds' fence, two corners of their house, and a set of concrete steps encroached on the Melani estate. *Id.* at 145. The Melanis engaged in self-help and removed the encroaching fence, and petitioned the court for a mandatory injunction compelling removal of the other encroachments. *Id.*

This court addressed the potential equitable bases for declining to issue such an injunction, despite it being the typical property remedy, and instead issue a damages award and compel the landowner to convey a property interest to the encroacher under a liability approach. *Id.* at 146-53. After surveying precedential cases, *Arnold* set forth the "test for when a court may substitute a liability rule for the traditional property rule in encroachment cases." *Proctor*, 169 Wn.2d at 500.

> [A] mandatory injunction can be withheld as oppressive when, as here, it appears . . . that: (1) The encroacher did not simply take a calculated risk, act in bad faith, or negligently, willfully or indifferently locate the encroaching structure; (2) the damage to the landowner was slight and

4

the benefit of removal equally small; (3) there was ample remaining room for a structure suitable for the area and no real limitation on the property's future use; (4) it is impractical to move the structure as built; and (5) there is an enormous disparity in resulting hardships.

*Arnold*, 75 Wn.2d at 152. In *Proctor*, we reaffirmed the application of this five-part test and noted that due to its equitable nature, the question of whether each *Arnold* element has been met should be analyzed using the "inherently flexible and fact-specific" equitable power of the court to fashion remedies that do equity. *Proctor*, 169 Wn. 2d at 503. We reaffirmed that a "court asked to eject an encroacher must instead reason through the *Arnold* elements as part of its duty to achieve fairness between the parties." *Id.*

Despite this mandate, the trial court in this case made no specific findings regarding the *Arnold* elements. The only conclusion of law or finding of fact relating to *Arnold* or *Proctor* is conclusion of law 6, which reads in its entirety:

> Although Plaintiffs typically would be entitled to an injunction, the Washington Supreme Court in *Proctor v. Huntington*, 169 Wash.2d 491, 238 P.3d 1117 (2010) recognized in certain adverse possession cases that equitable principles may dictate a different result as to an appropriate remedy. The court concludes that this case does warrant application of such equitable principles, and thus the court concludes that the fence between the Plaintiffs' and Defendants' properties should remain in its current location, and that title to the Plaintiffs' property that is subject to ejectment should be granted to the Defendants.

Clerk's Papers (CP) at 74-75. The Garcias moved for reconsideration in part because the court failed to "'reason through the *Arnold* elements.'" *Id.* at 85 (quoting *Proctor*, 169 Wn.2d at 503). That motion was denied.

5

The question before this court is whether the trial court erred in compelling the sale of the Garcias' land without making findings of fact for each *Arnold* element. Generally, "findings of fact need not be made concerning every contention made by parties to a case." *Daughtry v. Jet Aeration Co.*, 91 Wn.2d 704, 707, 592 P.2d 631 (1979). However, "a finding must be made as to all of the 'material issues.'" *Id.* (quoting *Bowman v. Webster*, 42 Wn.2d 129, 134, 253 P.2d 934 (1953); *Wold v. Wold*, 7 Wn. App. 872, 875, 503 P.2d 118 (1972)). As this court said in *Daughtry*, all that is required is that the trial court inform the appellate court, on material issues, "'what questions were decided by the trial court, and the manner in which they were decided.'" *Id.* (internal quotation marks omitted) (quoting *Bowman*, 42 Wn.2d at 134). This provides appellate courts the ability to determine "whether there was substantial evidence to support the findings which are challenged in appellant's assignments of error." *State v. Marchand*, 62 Wn.2d 767, 770, 384 P.2d 865 (1963). The trial court's failure to enter findings of fact in this case precludes this court from determining whether the trial court found each *Arnold* element by clear and convincing evidence, the appropriate evidentiary standard.

This court generally cannot make findings of fact, and will not endeavor to do so based on an incomplete record in which neither party properly briefed or argued the *Arnold* elements. *See Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959). In *Old Windmill Ranch v. Smotherman*, 69 Wn.2d 383, 390, 418

6

P.2d 720 (1966), this court collected cases in which it reversed judgments and remanded the cases to the trial court for the purpose of making material findings of fact that had been omitted. Typically, this would be the disposition of a case such as this one. However, because the burden of proof regarding the *Arnold* elements lies with the encroaching party, this court need not make any findings of fact in order to reverse the trial court's order.

Because a court-ordered conveyance of property from a rightful landowner to an encroacher is "exceptional relief for the exceptional case," we held in *Arnold* that "the evidence of the elements listed above" must be "clearly and convincingly proven by the encroacher." *Arnold*, 75 Wn.2d at 152. Nothing in *Proctor* changed that allocation of the burden of proof. The absence of findings of fact relating to the *Arnold* elements is equivalent to a finding of their absence. *Pacesetter Real Estate, Inc. v. Fasules*, 53 Wn. App. 463, 475, 767 P.2d 961 (1989). Because the Henleys failed to carry their burden of proof, the trial court erred in failing to issue an injunction compelling removal of the encroaching fence.

## CONCLUSION

An encroacher bears the burden of establishing the existence of each *Arnold* element by clear and convincing evidence before a trial court may deny a landowner an injunction ordering ejectment of an encroaching structure. Because the Henleys

failed to carry this burden, the trial court erred. Accordingly, we reverse and remand

to the trial court for the entry of judgment consistent with this ruling.

WE CONCUR:

Fairhurst, C.J.

Johnson, J.

Madsen, J.

Stephens, J.

Owens, J.

Wiggins, J.

González, J.

Gordon McCloud, J.

No. 94511-0

YU, J. (concurring) — I agree with the result the majority reaches in this case. However, I would go one step further and explicitly hold that trial courts must always enter findings of fact and conclusions of law when denying a rightful owner's request for an injunction to remove a trespasser from private property. I therefore respectfully concur.

Petitioners Ricardo and Luz Garcia proved that respondents Ted and Audean Henley wrongfully built their fence on the Garcias' property. The Garcias were therefore presumptively entitled to an injunction ordering the Henleys to remove the fence and stop violating the Garcias' sacred right to the exclusive use and possession of their private property. *Proctor v. Huntington*, 169 Wn.2d 491, 504, 238 P.3d 1117 (2010); *Arnold v. Melani*, 75 Wn.2d 143, 152, 437 P.2d 908, 449 P.2d 800, 450 P.2d 815 (1968).

The only way for a trespasser to avoid such an injunction is to prove all five of the *Arnold* elements by clear and convincing evidence. *Arnold*, 75 Wn.2d at

152. If the trespasser meets this burden, then the court may deny an injunction to the rightful owner, and instead order an equitable remedy that compensates the owner but does not require the trespasser to leave. *Proctor*, 169 Wn.2d at 500. The trial court in this case did attempt to fashion such an equitable remedy, essentially ordering the Garcias to sell the encroached portion of their property to the Henleys for $500. The Garcias appealed.

Where this type of order is entered without findings of fact and conclusions of law about each *Arnold* element, as it was here, appellate courts can almost never determine from the record whether the order was properly issued. Therefore, it is almost always necessary to reverse and remand for the entry of findings and conclusions. *Garcia v. Henley*, No. 34189-5-III, slip op. at 4-5 (Wash. Ct. App. Apr. 11, 2017) (unpublished) (Fearing, C.J., dissenting in part), http://www.courts.wa.gov/opinions/pdf/341895_unp.pdf. To avoid such inefficiency in future cases, I would explicitly hold that trial courts *must* enter findings of fact and conclusions of law on each *Arnold* element in all cases where a private property owner is denied an injunction to eject a proven trespasser.

However, I agree with the majority in result that this is one of the rare cases where we can simply reverse, rather than remanding for the entry of findings and conclusions. The record does *not* indicate that the trial court actually found that the Henleys failed to meet their burden and then merely neglected to enter those

2

findings. *Contra* majority at 7 ("The absence of findings of fact relating to the *Arnold* elements is equivalent to a finding of their absence."). We cannot know for certain what the trial court thought, but we do know that the court denied the Garcias' request for an injunction to eject the Henleys without stating any factual basis for doing so. This can indicate only that the trial court failed to undertake the appropriate analysis of the *Arnold* elements and did not make the necessary findings in the first place. The court's failure to do so was likely caused by the Henleys' failure to properly raise that issue, neglecting to even allude to either *Arnold* or *Proctor* in their answer to the complaint, in their trial brief, or at any other point in the proceedings prior to closing argument at the bench trial. *See* majority at 3; *Garcia*, slip op. at 5-6 (Fearing, C.J., dissenting in part).

Thus, in this particular case, we can be certain of three dispositive points of law and fact, allowing us to reverse based on the record presented rather than remanding for the entry of explicit findings and conclusions. First, the fundamental rule of encroachment law is that trespassers must bear the burden of establishing by clear and convincing evidence that, despite their trespass, they are entitled to stay where they are and pay damages to the rightful property owners. Second, if the trespassers do not meet their burden, then the owners are absolutely entitled to ejectment. And third, because it is indisputably clear from the record that the Henleys never even pleaded that they should receive an equitable remedy

instead of being ejected, the Garcias are entitled to ejectment as a matter of law.

*Lybbert v. Grant County*, 141 Wn.2d 29, 40, 1 P.3d 1124 (2000).

Therefore, I agree with the majority that an order must issue on remand directing the Henleys to remove their fence from the Garcias' property. I respectfully concur.

_____Yu, J._____