**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| PSHC, LLC, a Washington limited liability company, | No. 85848-3-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| FREDERICK EASTMAN and MEGAN EASTMAN, a married couple, and the marital community comprised thereof, | |
| Respondents. | |

MANN, J. — This is an easement dispute between neighboring property owners PSHC, LLC (PSHC), and Frederick and Megan Eastman. PSHC is the dominant owner of an unused 20-foot wide easement over the Eastmans' property. A portion of the Eastmans' home encroaches 7.1 feet into a portion of the easement. After PSHC sought access over the easement to construct a home on its property, the Eastmans refused, claiming that they had adversely possessed the easement. PSHC sued seeking to quiet title. The Eastmans counterclaimed for quiet title based on adverse possession. PSHC appeals the trial court's decision on summary judgment extinguishing the easement.

Because there is a question of material fact over whether the encroachment is permanent, and if not, whether equity supports the encroachment's removal, we reverse and remand for further proceedings.

I

In 1970, the predecessors in interest to PSHC and the Eastmans granted mutual easements for ingress, egress, and utilities across what became the Eastman property and serving what became the PSHC property. The granted easement was 20 feet wide.

In 1978, a single-family residence was constructed on what became the Eastman property. A portion of the residence and a gravel driveway were constructed within the easement. The gravel driveway did not extend to the PSHC property line. In 2016, PSHC acquired its two parcels of unimproved land.[1] PSHC intended to develop the parcels with single-family homes.

The Eastmans purchased their property and residence in 2020.[2] The Eastmans added a shed to the driveway and have parked their cars on the gravel driveway.

While preparing to develop its properties, PSHC obtained a survey. The survey revealed that a portion of the Eastmans' home extends approximately 7.1 feet into a portion of the easement.

---

[1] King County Parcel Numbers 812410-0111 and 812410-0115.
[2] The Eastman property's address is 4132 NE 142nd St., Seattle, WA, King County Parcel Number 812410-0110.



In March 2022, PSHC wrote the Eastmans explaining its intent to construct a home on its property along with improvements to the access corridor. The letter included a survey showing the portion of the Eastmans' home encroaching into the easement. Instead of tearing down a portion of the Eastmans' home, PSHC sought modifications of the existing easement including expanding to the west and relocating the existing retaining wall. The Eastmans responded and asserted that the easement had been lost due to adverse possession of the easement by themselves and their predecessors in interest.

PSHC then sued the Eastmans seeking to quiet title to the easement. PSHC also sought ejectment, requiring the Eastmans to remove any obstructions from the easement, wrongful interference, and easement by necessity. The Eastmans answered the complaint and alleged adverse possession, and counterclaims to quiet title.

Both PSHC and the Eastmans moved for summary judgment. The Eastmans argued that the existence of a primary residence in an easement area is sufficiently hostile and adverse to the easement holder's use to trigger the 10-year statutory period for adverse possession. The trial court agreed with the Eastmans and extinguished the easement over the Eastman property.

The trial court awarded the Eastmans $16,159.96 for their attorney fees and costs under RCW 7.28.083(3). PSHC dismissed their remaining claims against the Eastmans and the trial court entered final judgment.

PSHC appeals.

II

PSHC argues that the trial court erred by granting summary judgment to the Eastmans because there was no "hostile use" for the required statutory period. Because there remains a question of material fact as to whether the encroachment is permanent, we agree.

We review summary judgment orders de novo, considering the evidence and reasonable inferences in the light most favorable to the nonmoving party. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate "if the pleadings, affidavits, and depositions before the trial court establish that there is no genuine issue of material fact and that as a matter of law the moving party is entitled to judgment." Ruff v. County of King, 125 Wn.2d 697, 703, 887 P.2d 886 (1995); CR 56(c).

Washington disfavors terminating easements. City of Edmonds v. Williams, 54 Wn. App. 632, 636, 774 P.2d 1241 (1989). Mere nonuse, for no matter how long a

-4-

period, does not extinguish an easement. Thompson v. Smith, 59 Wn.2d 397, 407, 367 P.2d 798 (1962). However, a servient estate owner can extinguish an easement through hostile or adverse use. Edmonds, 54 Wn. App. at 634. To acquire property by adverse possession, a party must prove that for a period of at least 10 years their possession was (1) open and notorious, (2) actual and uninterrupted, (3) exclusive, and (4) hostile. ITT Rayonier, Inc. v. Bell, 112 Wn.2d 754, 757, 774 P.2d 6 (1989).

"A servient estate owner may have difficulty proving an adverse possession claim because most uses are not hostile." Littlefair v. Schulze, 169 Wn. App. 659, 666, 278 P.3d 218 (2012); Cole v. Laverty, 112 Wn. App. 180, 184, 49 P.3d 924 (2002). Where a right of way is established by easement, the land remains the property of the owner of the servient estate, and they are entitled to use it for any purpose that does not interfere with the proper enjoyment of the easement. Thompson, 59 Wn.2d at 407-08. "Nor is an easement lost by prescription during a period of nonuse, unless the adverse use is clearly inconsistent with the future use of the easement." Edmonds, 54 Wn. App. at 636. As the Littlefair court explained:

> For example, where an easement is not being used, the servient owner may build a fence in the easement and that use is not adverse until "(1) the need for the right of way [exists], (2) the owner of the dominant estate demands that the easement be opened, and (3) the owner of the servient estate refuses to do so." . . . But where the servient estate owner creates an obstruction that "clearly interferes with the proper enjoyment of the easement," such use may lead to an adverse possession claim by the servient owner if the dominant estate owner currently uses the easement. . . . Thus, where a servient owner constructs a permanent fence and concrete patio within a used common area easement in a subdivision, such construction can meet the elements of an adverse possession claim.

169 Wn. App. at 666 (quoting Cole, 112 Wn. App. at 185).

-5-

Whether building a portion of a home over an easement is sufficient to establish the hostility element of adverse possession appears to be an issue of first impression in Washington. Prior cases have dealt primarily with fences, gates, and concrete slabs. For example, in Thompson, the servient owner constructed a 12 x 24-foot concrete slab, a major portion of which was located within a 10-foot easement. 59 Wn.2d at 403. The servient owner parked cars and stored lumber on the slab. Thompson, 59 Wn.2d at 402. The court allowed the servient owners use to continue, but only "until [the easement] is required for road purposes." Thompson, 59 Wn.2d at 409. The court explained:

> In fact, when and if a roadway is opened over the strips reserved for that purpose, it may be that the grade will be such that the slab will need only to be covered over; but, if and when such a roadway is put in, the slab, if it is an interference, would have to be removed.

Thompson, 59 Wn.2d at 409.

In Cole, the servient owner installed locked gates and bathtub planters in an unused easement in an effort to stop people from going across their property. Cole, 112 Wn. App. at 186. The court held that the "fence, locked gates, and bathtub planters did not constitute permanent obstructions that would otherwise put Mr. Cole's predecessors on notice that the Lavertys were asserting hostile, exclusive interest over the easement." Cole, 112 Wn. App. at 186. See also Edmonds, 54 Wn. App. at 635, 637 (while upholding the principle that property held in a government capacity cannot be adversely possessed, the court also explained that because the servient estate's only use of the easement that could be considered obstructive was a fence, the use was not sufficiently inconsistent to constitute adverse possession); but see Littlefair, 169 Wn.

-6-

App. at 662, 667 (holding that a fence built along a utilized easement access road could "be a permanent structure that could establish an adverse possession claim" and the dominant estate owner is entitled to have it removed to prevent loss of a major portion of the easement).

While the parties do not dispute that a portion of the Eastmans' home encroaches 7.1 feet into a portion of the easement, there is no evidence that the encroaching portion is permanent and cannot be removed. The photos produced at summary judgment show what appears to be a second level deck over what might be a storage room. The record lacks any evidence that the encroachment is structural, finished, or an integral part of the main home. To support summary judgment termination of the easement, the Eastmans had to show that there was no issue of material fact regarding their hostile and adverse use for the prescriptive period. They failed to do so. Therefore, summary judgment was not appropriate.

III

While we are remanding for the trial court to determine whether the encroaching portion of the Eastmans' home is permanent, we also address two other issues raised by PSHC.

First, if the trial court determines that the structure is permanent, the court should delineate the portion of the 20-foot easement that has been adversely possessed. When resolving an adverse possession claim, the court should project a "reasonable and logical" new boundary. Lloyd v. Montecucco, 83 Wn. App. 846, 854, 924 P.2d 927 (1996); Arnold v. Melani, 75 Wn.2d 143, 153, 449 P.2d 800 (1968) (directing trial court to limit easement to area covered by the encroachment). The record before this court

shows at best that the encroaching portion of the Eastmans' home extends only 7.1 feet into the 20-foot easement, over a short width.

Second, if the trial court determines that the encroaching portion of the Eastmans' home is not permanent, the court should exercise its equitable authority to determine the appropriate injunctive relief. In Arnold, our Supreme Court distilled an equitable test that allows a court to refuse to grant an injunction in an encroachment case:

> [A] mandatory injunction can be withheld as oppressive when . . . (1) The encroacher did not simply take a calculated risk, act is bad faith, or negligently, willfully or indifferently locate the encroaching structure; (2) the damage to the landowner was slight and the benefit of removal equally small; (3) there was ample remaining room for a structure suitable for the area and no real limitation on the property's future use; (4) it is impractical to move the structure as built; and (5) there is an enormous disparity in resulting hardships.

75 Wn.2d at 152; Garcia v. Henley, 190 Wn.2d 539, 540, 415 P.3d 241 (2018). The encroaching party, the Eastmans, must prove these elements by clear and convincing evidence. Arnold, 75 Wn.2d at 152; Garcia, 190 Wn.2d at 540.

IV

PSHC argues that if this court reverses the trial court, the attorney fees and costs award should also be vacated. The Eastmans were awarded attorney fees under RCW 7.28.083(3). RCW 7.28.083(3) provides: "[t]he prevailing party in an action asserting title to real property by adverse possession may request the court to award costs and reasonable attorneys' fees. The court may award all or a portion of costs and reasonable attorneys' fees to the prevailing party if, after considering all the facts, the court determines such an award is equitable and just."

Because we reverse and remand this case for further proceedings, we also reverse the attorney fee award.

Similarly, both PSHC and the Eastmans request attorney fees on appeal under RCW 7.28.083(3). Because we are remanding for further proceedings, neither party is "the prevailing party" in an adverse possession action. If PSHC is the prevailing party on remand, the trial court is directed to award its attorney fees and costs for the appeal. RAP 18.1(i).

We reverse and remand for further proceedings.

_Mann, J._

WE CONCUR:

_Chung, J._                    _Brennan, J_