IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　Respondent,<br><br>　　　　v.<br><br>JD MILLER,<br><br>　　　　　　Appellant. | No. 87202-8<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — JD Miller appeals from the orders granting in part and denying in part his postconviction petitions for statutory relief from all legal financial obligations imposed against him in his 2013 and 2017 felony judgments and sentences. Miller contends the superior court erred when it denied his requests to relieve him of restitution and interest thereon, because it did not consider whether the prior imposition of these restitution payments deprived him of his right to be free from excessive fines under the Eighth Amendment to the United States Constitution. As he raises this alleged constitutional error for the first time on appeal and does not provide the analysis required under RAP 2.5(a)(3), Miller fails to establish an entitlement to appellate review and we decline to consider his assertion. Accordingly, we affirm.

FACTS

In July 2013, Miller entered a guilty plea to attempted robbery in the second degree, a class C felony. Pursuant to his plea, Miller agreed to pay restitution to

the victims. The superior court entered judgment and sentence (J&S) against him, imposing several legal financial obligations (LFOs) including restitution. Following a hearing, the court ordered him to pay a total of $300 in restitution.

In May 2014, the State charged Miller with one count of assault in the first degree, a class A felony. Ten months later, in March 2015, a jury convicted him as charged. The superior court entered a J&S on the jury's verdict, imposing several LFOs including restitution payments to the victims of the assault. He appealed from the J&S and this court affirmed but remanded for consideration of his ability to pay certain nondiscretionary LFOs.[1] In 2017, an amended J&S was entered and, following a hearing, the court ordered him to pay $22,501.78 in restitution.

More than five years later, in July 2023, Miller filed petitions in the superior court seeking statutory relief from all LFOs imposed against him in his 2013 and 2017 J&Ss on the basis that he was found indigent at the time of those proceedings. Each petition was captioned as follows: "PETITION FOR RELIEF FROM LEGAL FINANCIAL OBLIGATIONS PURSUANT TO RCW 10.01.160(3)-(4)[;] 9.94A.760(3)-(5); 9.94A.753(3); 10.82.090; 7.68.035(5)(b); 43.43.7541." His petitions included requests to "drop all LFO's [sic] and restitution."

The superior court entered two orders granting Miller's petitions in part and denying them in part. As to both orders, the court found that Miller was indigent. With regard to the LFOs imposed on his 2013 guilty plea and sentence, the court ordered as follows:

---

[1] *State v. Miller*, No. 33183-1-III, (Wash. Ct. App. Dec. 20, 2016), https://www.courts.wa.gov/opinions/pdf/331831_pub.pdf

LFO Interest. All interest that is not restitution on the defendant's LFOs is waived. RCW 10.82.090(2)(a).

Remission. All discretionary LFOs that are not restitution, including all costs or fees attendant to private debt collection efforts, are waived. RCW 9.94A.6333(3)(f); RCW 10.01.160(3), (4) (relating to costs); RCW 10.01.180(5); RCW 46.63.190; RCW 36.18.190. The following mandatory LFOs shall remain:
The Court waives the $200.00 Filing Fee, $100.00 DNA Fee, $750.00 Public Defender Fee, $40.00 Sheriff's Service Fees, $1000.00 Fine, and $500.00 Crime Victim Assessment.

The court does not waive any restitution principal. The court reserves ruling on the request to waive or reduce interest until the defendant is released from total confinement per RCW 10.82.090(3)([c]) or once the remaining principal amount is paid per RCW 10.82.090(3)(b).

(Boldface omitted.) As to his 2017 conviction and sentence, the court ordered as

follows:

LFO Interest. All interest that is not restitution on the defendant's LFOs is waived. RCW 10.82.090(2)(a).

Remission. All discretionary LFOs that are not restitution, including all costs or fees attendant to private debt collection efforts, are waived. RCW 9.94A.6333(3)(f); RCW 10.01.160(3), (4) (relating to costs); RCW 10.01.180(5); RCW 46.63.190; RCW 36.18.190. The following mandatory LFOs shall remain:
The Court waives the $500.00 Crime Victim Assessment, $200.00 Criminal Filing Fee, $600.00 Sherriff's [sic] Service Fees, and $750.00 Public Defender Fee.

The court does not waive any restitution owing to Tri-State Hospital and reserves on the request to waive or reduce interest until the defendant is released from total confinement per RCW 10.82.090(3)(c). The court reserves ruling at this time to waive or reduce restitution principal amount owing to Asuris Insurance Company, but will waive the $17,912.93 of restitution interest. The defendant may petition again after his release for the court to consider further waiver or reduction.

(Boldface omitted.)

Miller timely appealed.

ANALYSIS

Miller asserts that the superior court erred when it denied his postconviction petitions for relief from the restitution payments previously imposed against him—and certain interest accruing thereon—without considering whether the imposition of such payments deprived him of his Eighth Amendment right against excessive fines.[2]  Because Miller raises this constitutional issue for the first time on appeal and his briefing does not satisfy the requirements of RAP 2.5(a), we decline to consider his assertion.

It is well-established that "[p]arties wishing to raise constitutional issues on appeal must adhere to the Rules of Appellate Procedure."  *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992).  Generally, appellate courts may decline to review claims not brought to the attention of the superior court.  RAP 2.5(a).  However, RAP 2.5(a)(3) provides a narrow exception, allowing appellants to introduce a "manifest error affecting a constitutional right" for the first time on appeal.  *State v. Scott*, 110 Wn.2d 682, 687, 757 P.2d 492 (1988).

In order to satisfy the requirements of "'RAP 2.5(a) and raise an error for the first time on appeal, an appellant must demonstrate (1) the error is manifest and (2) the error is truly of constitutional dimension.'"  *State v. J.W.M.*, 1 Wn.3d 58, 90, 524 P.3d 596 (2023) (quoting *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d

---

[2] Miller does not assert that the superior court erred by failing to comply with the statutory authority pursuant to which he submitted his petitions for relief.  Nor does not he contend that the statutory provisions in question are facially unconstitutional; as set forth in his reply brief, "Mr. Miller does not assert RCW 10.82.090 is unconstitutional on its face."

Therefore, the only assignment of error Miller presents on appeal is that the superior court, in denying his petitions for statutory relief, erred by failing to consider whether the restitution imposed against him in 2013 and 2017 deprived him of his Eighth Amendment right to be free from excessive fines.

756 (2009)). Establishing that the alleged error is manifest "'requires a showing of actual prejudice.'" *Id.* at 91 (internal quotation marks omitted) (quoting *O'Hara*, 167 Wn.2d at 99). "'To demonstrate actual prejudice, there must be a plausible showing by the [appellant] that the asserted error had practical and *identifiable* consequences'" in the superior court proceeding on appeal. *Id.* (emphasis added) (alteration in original) (internal quotation marks omitted) (quoting *O'Hara*, 167 Wn.2d at 99). Notably,

> "[i]n determining whether the error was identifiable, the [superior court] record must be sufficient to determine the merits of the claim. If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest."

*Id.* (citations and internal quotation marks omitted) (quoting *O'Hara*, 167 Wn.2d at 99).

Here, in support of raising a constitutional issue for the first time on appeal, Miller's opening brief simply states—in a footnote—the following:

> An excessive fine is a manifest constitutional error that may be raised for the first time on appeal. RAP 2.5(a)(3); *see State v. WWJ Corp.*, 138 Wn.2d 595, 604-06, 980 P.2d 1257 (1999) (applying RAP 2.5(a)(3) to an excessive fines issue but finding the record inadequate to judge the offense's "gravity").[3]

This is plainly insufficient to satisfy Miller's burden under RAP 2.5(a). First, his briefing does not present any analysis or argument in support of the proposition that the alleged error resulted in actual prejudice to him. Indeed, his briefing does

---

[3] We have recently held that, because our "restitution statute is partially punitive in nature, a restitution order is subject to challenge under the excessive fines clause of the Eighth Amendment and art. I, § 14" of the Washington Constitution. *State v. Ramos*, 24 Wn. App. 2d 204, 226, 520 P.3d 65 (2022), *review denied*, 200 Wn.2d 1033 (2023).

not even mention the phrase "actual prejudice." He therefore fails to make the requisite showing of manifest error. This, by itself, is fatal to Miller's appeal.

Furthermore, Miller does not demonstrate that the alleged error had an identifiable effect on the superior court proceeding now on appeal. Notably, he does not contend that the record before the superior court was adequately developed to determine the merits of the alleged constitutional error at issue. For this reason as well, Miller fails to establish an entitlement to appellate consideration.

Moreover, even if he had asserted that the record of the superior court proceeding was sufficiently developed to establish that the alleged constitutional error was manifest, such a contention would fail. As set forth above, Miller's 2023 postconviction petitions to the superior court requested statutory relief from restitution payments imposed against him in 2013 and 2017, along with relief from the interest accruing thereon. In so doing, however, he did not bring to the superior court's attention that he was seeking relief from such financial obligations in reliance on the Eighth Amendment's excessive fines clause. Nor did he submit to the superior court—or assert that he submitted—any argument or evidence on which the superior court could rely to make such a determination. Therefore, as our Supreme Court recognized in *WWJ Corp.*, "[w]ithout a developed record, the claimed error cannot be shown to be manifest, and the error does not satisfy RAP 2.5(a)(3)." 138 Wn.2d at 603.

We emphasize that such underdevelopment of the superior court record is significant; a developed factual record from the trial court is a necessary predicate

to our review of a challenge pursuant to the Eighth Amendment's excessive fines clause to restitution imposed against a defendant in a criminal case. The amount of restitution owed by a defendant is a factual determination to be conducted by the superior court. RCW 9.94A.750(1) ("If restitution is ordered, the court *shall determine the amount of restitution due* at the sentencing hearing or within one hundred eighty days." (emphasis added)). Moreover, a determination as to whether the resulting restitution payment imposed against a defendant triggers the excessive fines clause includes an inquiry into whether the payment is "'excessive,'" that is, "whether the sanction is grossly disproportional to the offense." *State v. Ramos*, 24 Wn. App. 2d 204, 215, 520 P.3d 65 (2022) (quoting *City of Seattle v. Long*, 198 Wn.2d 136, 162, 493 P.3d 94 (2021)). These determinations involve fact finding, which we do not conduct on appeal. *See, e.g., Dalton M, LLC v. N. Cascade Tr. Servs., Inc.*, 2 Wn.3d 36, 54, 534 P.3d 339 (2023) ("[A]ppellate courts are not fact-finders."); *Garcia v. Henley*, 190 Wn.2d 539, 544, 415 P.3d 241 (2018) ("This court generally cannot make findings of fact, and will not endeavor to do so based on an incomplete record."). Given that, a developed record in the trial court is a predicate for our consideration of whether we may consider a purported constitutional error for the first time on appeal. Miller did not sufficiently develop the superior court record as to the alleged error at issue. Therefore, for this reason as well, he fails to establish that the alleged error on which he bases his appeal is manifest.

Thus, Miller has not established an entitlement to appellate review pursuant to RAP 2.5(a)(3). Accordingly, we decline to consider his assertion.[4]

Affirmed.

Hazelrigg, A.C.J.

WE CONCUR:

Feldman, J.          Birnбaum, J.

---

[4] Should Miller wish to collaterally attack both the restitution payments previously imposed against him and the interest accruing thereon on the basis of the Eighth Amendment's excessive fines clause, and if such challenges are not time-barred, other procedural avenues may be available to him. *See* CrR 7.8(b); RAP 16.4.