**FILED**
**MARCH 4, 2025**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Estate of DANNY L. SNAPP, Deceased. | ) ) ) | No. 39925-7-III |
| C. WAYNE MAY, as Personal Representative of the Separate Estate of DANNY L. SNAPP, | ) ) ) ) ) | |
| Respondent, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| LOREN W. SNAPP, | ) ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Loren Snapp, the former personal representative of the Estate of Danny Snapp, appeals the July 26, 2023 order entered with respect to the Estate's TEDRA[1] petition. We affirm the order, conclude that the later-entered judgment did not dispose of Snapp's TEDRA petition, and remand.

---

[1] Trust and Estate Dispute Resolution Act, chapter 11.96A RCW.

FACTS

Loren Snapp was appointed personal representative of the estate of his late father, Danny Snapp. Almost one year later, Snapp was removed as personal representative and replaced by C. Wayne May.

May filed this TEDRA petition, requesting that Snapp provide a full accounting of his time and expenses. On July 10, 2023—two days before the TEDRA hearing—Snapp filed his own TEDRA petition (under the same cause number), requesting that May provide a full accounting of time and expenses and requesting damages against May. On the same day as his TEDRA filing, Snapp responded to the Estate's TEDRA petition by filing six invoices for time and expenses purportedly incurred while he administered his father's estate.

At the July 12, 2023 TEDRA hearing, the superior court declined to also hear Snapp's TEDRA petition against May. The court advised the parties that Snapp's claims could be heard at a later date; Snapp did not object. The court heard arguments with respect to the Estate's TEDRA petition and took the matter under advisement to carefully review Snapp's invoices.

On July 26, 2023, a court commissioner heard Snapp's TEDRA petition against May. The commissioner asked the Estate if it objected to Snapp's petition being brought under the same cause number as the Estate's TEDRA petition. The Estate noted the

procedure was irregular, but waived objections. The commissioner then ruled that portions of Snapp's claims were barred from review and that it could not rule on the remainder of Snapp's claims until the superior court decided the Estate's TEDRA petition.

Later on July 26, 2023, the superior court entered an order with respect to the Estate's TEDRA petition. The order, which included several findings of fact, found that Snapp's six invoices were vague, not supported by receipts, and overstated a reasonable amount of time for the tasks described. The court determined that "the sum of $46,709.89 has not been accounted for, nor verified as being used for the benefit of the estate." Clerk's Papers (CP) at 109. It concluded that the Estate was entitled to offset $46,709.89 against any distribution Snapp otherwise would have received from the Estate. The court additionally awarded the Estate its reasonable attorney fees and costs against Snapp, in an amount later to be determined. On August 16, 2023, Snapp appealed the superior court's July 26, 2023 order.

A few weeks later, the Estate moved for entry of an award of reasonable attorney fees and costs. The court commissioner who had heard Snapp's TEDRA petition entered judgment against Snapp for $64,845.89, which included the $46,709.89 award against

No. 39925-7-III
*Est. of Snap*

Snapp, and $18,136.00 for the Estate's reasonable attorney fees. Nothing in the judgment disposed of Snapp's TEDRA petition.[2]

ANALYSIS

Snapp, acting pro se, raises four arguments on appeal: (1) the superior court erred by not hearing his TEDRA petition against May, (2) the court commissioner erred by not fully hearing his TEDRA petition, (3) the commissioner erred when it entered judgment despite his TEDRA petition against May not having been determined, and (4) the judgment should be reversed because his requested time and expenses were reasonable and necessary. We partly agree with Snapp's third argument.

*Disposition of first claim*

Snapp's first claim is that the superior court erred by failing to hear his TEDRA petition against May. As explained below, we decline to review this claim.

The superior court declined to hear Snapp's TEDRA petition against May and explained that the petition could be heard later. Snapp did not object to this procedure.

_____

[2] The record, including the judgment, does not contain any order relating to Snapp's TEDRA petition against May. We might infer various findings from entry of the judgment, but we refuse to do so. "As a rule, an appellate court 'generally cannot make findings of fact, and will not endeavor to do so based on an incomplete record.'" *Dalton M, LLC v. N. Cascade Trustee Servs., Inc.*, 2 Wn.3d 36, 53, 534 P.3d 339 (2023) (quoting *Garcia v. Henley*, 190 Wn.2d 539, 544, 415 P.3d 241 (2018)).

4

RAP 2.5(a) generally precludes an appellate court from considering claims of error not preserved by an objection. Because Snapp did not object to the procedure explained by the superior court, we will not consider his first claim of error.

*Disposition of second claim*

Snapp's second claim is that the court commissioner erred by not fully considering his TEDRA petition against May. As explained below, we decline to review this claim.

The court commissioner ruled on only a portion of Snapp's TEDRA petition against May. Because Snapp's other claims, in whole or in part, overlapped with the Estate's unresolved TEDRA claims, the commissioner declined to make a dispositive ruling. Snapp's TEDRA petition against May is still pending before the commissioner.

*Disposition of third claim*

Snapp's third claim is that the court commissioner erred by entering the judgment after Snapp filed this appeal. We agree in part.

To the extent Snapp is arguing the court commissioner erred by awarding attorney fees against him after he filed his notice of appeal, we reject this argument. RAP 7.2(d) permits a court to enter an award of attorney fees even after a notice of appeal is filed.

To the extent Snapp is arguing his TEDRA petition against May never has been resolved, we agree. "A judgment is the final determination of the rights of the parties in

the action." CR 54(a)(1). Where a judgment fails to dispose of all claims, it must be treated for what it is, a partial judgment.

We remand to the court commissioner to fully consider Snapp's TEDRA petition against May and to enter any appropriate order.

*Disposition of fourth issue*

Snapp's fourth claim is that the trial court erred by not fully crediting him for the time and expenses he incurred for administering his father's estate. In his argument, he makes similar assertions he made to the trial court.

In general, an appellate court will not disturb a trial court's findings of fact. *Kitsap County v. Kitsap Rifle & Revolver Club*, 184 Wn. App. 252, 295, 337 P.3d 328 (2014). Here, the trial court found that Snapp's invoices were vague, not supported by receipts, and overstated a reasonable amount of time for the tasks described. We will not disturb these findings.

A personal representative owes a fiduciary duty to the heirs of the estate and must exercise the utmost good faith and diligence in administering the estate for the heirs' best interests. *In re Estate of Boatman*, 17 Wn. App. 2d 418, 427, 488 P.3d 845 (2021). Although RCW 11.48.050 allows a personal representative all of their necessary expenses in the administration of the estate, Snapp breached his fiduciary duty to the Estate when he withdrew from the Estate monies well excess of his reasonable and

necessary expenses.

"'[T]he most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created.'" *Moore v. Wash. State Health Care Auth.*, 181 Wn.2d 299, 314, 332 P.3d 461 (2014) (internal quotation marks omitted) (quoting *Wenzler & Ward Plumbing & Heating Co. v. Sellen*, 53 Wn.2d 96, 99, 330 P.2d 1068 (1958)). A method for determining compensation is properly rejected if it would not only result in a less accurate measure, but would also result in the wrongdoer benefiting from their wrongdoing. *See id.* (discussing damages, not compensation).

Here, Snapp failed to present accurate records of his time and expenses for administering his father's estate, and he provided no method for the superior court to estimate his actual time and expenses. Faced between an all or nothing award, we cannot say the superior court abused its discretion by awarding Snapp nothing.

*Request for attorney fees and costs*

The Estate, citing RCW 11.96A.150, requests its reasonable attorney fees and costs on appeal. Here, the Estate prevailed on three of four claims. Subject to the Estate's compliance with RAP 18.1(d), we award it one-half of its reasonable attorney fees and all of its statutory costs.

7

No. 39925-7-III
*Est. of Snap*

We affirm the July 26, 2023 order, conclude that the later-entered judgment did not dispose of Snapp's TEDRA petition, and remand.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Fearing, J.                    Staab, J.